DAUKSCH, Judge,
dissenting:
Somehow finding federal jurisdiction in this case, the District Court for the Middle District of Florida has ordered that petitioner be retried for a crime for which he has been previously acquitted. Although the Federal Constitution in Article V of the Articles in Amendment to that Constitution guarantees that no “person be subject for the same offence to be twice put in jeopardy of life or limb” the federal district court took jurisdiction where I think it should not and where, if the state of Florida had pursued its available remedies, the appellate court most certainly would have said it could not. We are apparently too timid to *675 grant the relief requested by the petition, demanded by the law and compelled by logic. In so doing we are overlooking what the federal court overlooked and are compounding the error by violating our own state constitution which declares in Article I, Section 9 that no person shall “. .. be twice put in jeopardy for the same offense .. .. ”
This story began when petitioner was charged with battery upon a law enforcement officer. He went to trial for that crime and was convicted of assault upon a law enforcement officer. Assault of a law enforcement officer is not a lesser included offense under the charge of battery of a law enforcement officer unless the information charging the accused alleges the elements of an assault, as well as the battery, and the evidence supports the assault allegations.
When this case first came to this court in Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980), we held that it was error for the trial judge to have instructed the jury regarding the crime of assault on a law enforcement officer but that counsel for the accused (petitioner here) had failed to make a proper specific objection as required by Florida Rule of Criminal Procedure 3.390(d) and thus affirmed the conviction. The evidence at trial apparently supported the assault verdict and judgment. The fact that the information did not allege all of the elements of the assault charge was deemed not fundamental error and the failure of counsel to specifically object waived the defect and the error.
The United States District Court disagreed with this court and said in an “Order Granting Petition for Writ of Habeas Corpus” that the judge agreed with a Magistrate’s Report which declared “.. . the record supports the finding that a timely and sufficient objection was interposed to the proposed assault instruction.”
The United States District Court then “vacated and set aside” the conviction and ordered that petitioner be retried. Therein lies the rub — -retried for what?
Can he be retried for battery of a law enforcement officer? No, because the jury acquitted the petitioner of that crime when it found the petitioner guilty of only assault when it was given the chance to convict for the higher crime of battery. The information charged battery, the judge instructed on battery and the jury had a verdict form for battery. It chose to follow the assault instruction and returned its verdict of guilty of assault. So, he cannot be tried again for a crime of which he was acquitted.
Can he be “retried” for “assault of a law enforcement officer?” Obviously not because he has not been charged with that crime — so says the United States District Court:
Assault is a separate and distinct offense from the battery alleged. The essential elements of each differ under Florida. The elements of assault were not alleged in the information charging Petitioner with battery of a law enforcement officer.
Because petitioner cannot be retried for a crime of which he has been acquitted and because he cannot be “retried” for a crime not charged, I would issue the Writ and prevent the trial. If I could, I would transfer the case to the United States District Court for clarification.