PIERCE, Judge.
Appellant Johnny Carl Lloyd appeals to this Court from an order entered by the Sarasota County Circuit Court denying a motion filed by Lloyd to vacate a previous judgment and sentence imposed upon him by that Court.
On September 14, 1967, Lloyd was informed against for breaking and entering a jewelry store in Sarasota with intent to commit a felony, to-wit: grand larceny. On trial by a jury Lloyd was convicted as charged and in due course was adjudged guilty and sentenced to serve a term in the State Prison.
Thereafter, on May 7, 1970, Lloyd filed his postconviction motion under CrPR Rule 1.850, 33 F.S.A. to vacate and set aside the judgment and sentence. He relies upon one contention only, namely, that the trial Court lacked jurisdiction to try the offense, because the offense charged was legally only a misdemeanor and therefore the Circuit Court was without trial jurisdiction. He cites in support of such contention the dissenting opinion of Judge McCain of the 4th District Court in Brown v. State, Fla.App.1970,232 So.2d 55.
Said dissenting opinion on its face gives colorable support to Lloyd’s contention.
But it is overlooked that the Brown case found its way for further review by the Supreme Court of Florida, which latter Court held against the minority opinion of Judge McCain and approved the majority opinion of the 4th District Court to the contrary. The rationale of the Supreme Court’s opinion in Brown v. State, Fla. 1970, 237 So.2d 129, is that a criminal charge such as the one involved in the case sub judice sufficiently alleges a felony, not a misdemeanor. We have so held in several cases in this Court since the issuance of the Supreme Court’s opinion in Brown.
As this was the sole contention urged upon appeal here, and such contention must be determined adversely to Lloyd, the order appealed from is—
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.