383 So.2d 670 (1980)
James E. WILSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. OO-294/T1-124.
District Court of Appeal of Florida, Fifth District.
April 16, 1980.
Rehearing Denied May 21, 1980.
John W. Tanner, P.A., Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
WATSON, Judge.
The defendant was charged with battery upon a law enforcement officer. Over defendant's general objection, the court instructed the jury on the crime of assault upon a law enforcement officer. The defendant was convicted of an assault upon a law enforcement officer.
An assault upon a law enforcement officer is an offense which may or may not be included in an offense of battery upon a law enforcement officer, depending upon the wording of the charge and the evidence. Brown v. State, 206 So.2d 377 *671 (Fla. 1968). There was evidence of an assault upon a law enforcement officer in this case, but the information charging battery upon a law enforcement officer did not include all of the elements of an assault. Therefore, it was error for the court to instruct the jury on the offense of assault upon a law enforcement officer.
Defendant can only assert the error on appeal if he made a timely objection to the instruction or if the error is fundamental error. Defendant's objection was timely. He failed, however, to state the grounds of his objection as required by Rule 3.390(d), Florida Rules of Criminal Procedure. Defendant's motion for new trial alleged the court had erred in instructing the jury on the offense of assault upon a law enforcement officer on the ground that the offense was not established by the evidence. At no time did defendant assert as a ground for his objection the failure of the state to allege the crime of which defendant was convicted. Therefore, though timely made, defendant's objection was insufficient to preserve the point for review.
"`Fundamental error,' which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. The Appellate Court should exercise its discretion under the doctrine of fundamental error very guardedly." Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). It is a limited exception to the requirement that a trial judge must be given the opportunity to correct his or her errors. Castor v. State, 365 So.2d 701 (Fla. 1978).
In Johnson v. State, 226 So.2d 884 (Fla.2d DCA 1969), Judge McNulty distinguished between a conviction of an offense included or includable in the offense charged and a conviction of an offense which is not, and cannot be, included in the offense charged. The latter is fundamental error; the former is not.
This Court held in Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980), that it was not fundamental error to instruct the jury on a Brown category four lesser offense even though the pleading did not allege the lesser offense.
Accordingly, the judgment is AFFIRMED.
ORFINGER and COBB, JJ., concur.