431 So.2d 263 (1983)
Thomas BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-180.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
James B. Gibson, Public Defender, and Mary Sue Donsky, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant appeals from his sentence after a guilty plea to three offenses. At sentencing, the court provided a mandatory minimum of three years to be served consecutively on Count I and Count II. Appellant and another robbed a person and appellant was charged with: Count I, Aggravated Assault because he pointed a shotgun at the victim; Count II, Armed Robbery because he and his co-perpetrator took the victim's money; Count III, Attempted Murder because his co-perpetrator shot someone else during the robbery.
We agree with the defendant that only one mandatory three-year minimum provision can be applied to him (for the more serious offense) on the facts here. The aggravated assault charged in Count I was a necessarily lesser included offense of the armed robbery charged in Count II. Thus, under State v. Monroe, 406 So.2d 1115 (Fla. *264 1981) any separate sentence for Count I is improper. See also State v. Gibson, No. 61,325 (Fla. February 17, 1983).
The judgments and the sentence for Count II are affirmed and the sentence for Count I is hereby reversed.
AFFIRMED in part and REVERSED in part.
ORFINGER, C.J., concurs.
COWART, J., concurs in part; dissents in part, with opinion.
COWART, Judge, concurring in part; dissenting in part:
Appellant was charged with: (1) aggravated assault (that is, assault with a deadly weapon without intent to kill, § 784.021(1)(a), Fla. Stat. (1979)); (2) armed robbery (a robbery in which the offender carried a firearm, § 812.13(2)(a), Fla. Stat. (1979)); and (3) attempted murder (as a principal in the first degree to an accomplice's non-fatal shooting of a bystander during the alleged armed robbery, §§ 777.011, 777.04(1), 782.04(1)(a), Fla. Stat. (1979)). Appellant pled guilty to all three charges under a plea agreement approved by the trial court that appellant could appeal his contention that all three sentences arose out of a single transaction and that under the single transaction rule only one sentence could be imposed as to all three offenses. In addition there was a reservation of the right to contend on appeal that the minimum penalty for a firearm being involved should be three years and not six.[1] The "single transaction" rule to which this reservation was directed was abrogated effective October 1, 1976, by section 775.021(4), Fla. Stat. (1981). However, illegal sentences can be appealed, even after a plea of guilty, without any reservation of the right to appeal.[2]
When two separate sentences are imposed on two convictions of two offenses which are in substance "the same offense" within the meaning of the double jeopardy clauses contained in amendment V of the Constitution of the United States and Article I, Section 9, of the Constitution of the State of Florida, one of those convictions and the sentence thereon is illegal. Simple assault is a necessarily lesser included offense of robbery and, therefore, those two offenses fail the Blockburger test for substantive difference resulting in both offenses being, for constitutional purposes, "the same offense" and thus double jeopardy does bar a conviction and sentence for both of those offenses if they each related to the same factual event. However, Baker was not charged with simple assault and robbery but with aggravated assault and armed robbery. To accomplish an armed robbery it is sufficient that the robber has merely "carried" the deadly weapon. To the contrary, in the charged species[3] of aggravated assault, the assault must be made "with" the deadly weapon. In the offense of aggravated assault the deadly weapon must be used and be the instrumentality by which the assault is accomplished. Therefore the word "with" in the aggravated assault offense is not the equivalent of the word "carried" in the robbery statute. Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978). The word "with" in the aggravated assault offense requires conduct not required in the armed robbery offense. This conduct constitutes an element of aggravated assault that is not an element of the armed robbery offense and this element *265 prevents aggravated assault from being a true and necessarily lesser included offense of armed robbery. In this case, the Blockburger test for substantive difference is passed, the two offenses (count I aggravated assault and count II armed robbery) are not "the same offense" and double jeopardy does not bar a separate trial, conviction or sentence for both offenses even if they relate to the same factual event. See, e.g., Borges v. State, 415 So.2d 1265 (Fla. 1982) which upheld separate convictions and sentences for offenses which were not necessarily lesser included offenses of each other. Therefore, appellant's convictions of count I and count II are proper and consistent with Blockburger and other cases[4] interpreting the federal double jeopardy clause. Since under a proper analysis double jeopardy does not bar separate convictions for an aggravated assault offense and an armed robbery offense, neither does it bar separate sentences. Since the aggravated assault in Count I is not a true and necessarily lesser included offense of the armed robbery in Count II, these two offenses do not fall within the "lesser included offense" exception in section 775.021(4), Florida Statutes (1981), and the body of that statute applies and mandates that appellant be sentenced separately for each of the two criminal offenses.
State v. Gibson, No. 61,325 (Fla. February 17, 1983) [1983 FLW 76] held that all of the elements of the offense of display of a firearm during the commission of a felony (a violation of section 790.07(2), Florida Statutes, (1981)) were included within the elements of the offense of armed robbery (a violation of section 812.13(2)(a), Florida Statutes (1981)), therefore, the section 790.07(2) offense was a lesser included offense of the section 812.13(2)(a) offense, as was held in State v. Monroe, 406 So.2d 1115 (Fla. 1981), and under section 775.021(4), Florida Statutes (1981), a separate sentence could not be imposed for the lesser included offense. However, this case involves the question of whether aggravated assault (§ 784.021(1)(a), Fla. Stat. (1981)) not display of firearm (§ 790.07(2), Fla. Stat. (1981)) is a lesser included offense of armed robbery (§ 812.13(2)(a), Fla. Stat. (1981)), therefore Vitko and Borges are in point and Gibson and Monroe are not.
Since separate sentences are not barred by constitutional double jeopardy and are mandated by section 775.021(4), Florida Statutes (1981), neither is there any proper basis for barring separate minimum sentences. The relevant minimum sentence statute (§ 775.087(2)(a), Fla. Stat. (1981)) relates to both aggravated assault and robbery, requires only that the offender have "had in his possession a `firearm'" and does not incorporate, nor is its application limited by, the concept underlying the abrogated "single transaction" rule. By applying the "single transaction" concept to the two minimum sentences in this case, the majority holding directly conflicts with the same point of law in other cases that have applied the three-year mandatory minimum sentence statute to two or more related offenses that were joined[5] or consolidated[6] for trial. For example, in Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980), a three-year minimum mandatory sentence was imposed for a robbery and also for a related[7] kidnapping. In Palmer v. State, 416 So.2d 878 (Fla. 4th DCA 1982), pet. for review granted 8 FLW No. 3 (Fla. January 21, 1983) (No. 62,449), three year minimum mandatory sentences were imposed on each of thirteen related robberies. Such double minimum mandatory sentences may also be *266 made to run consecutively. See Vann v. State, 366 So.2d 1241 (Fla. 3d DCA 1979), and Palmer v. State, supra. On this point, the whole difference between the majority and this dissent is simply whether or not as a matter of law aggravated assault with a deadly weapon is a true necessarily lesser included offense of a robbery in which the offender must have only carried a firearm. I agree with Vitko that aggravated assault with a deadly weapon requires conduct that is not required by the armed robbery offense and therefore it follows that aggravated assault is not a true lesser included offense of armed robbery. The majority's position is in direct conflict with Vitko, Borges, Davis, Palmer and Vann. If this court intends to hold contrary to these four, and other cases, it should expressly recognize such direct conflicts and permit a reconciling review under Article V, Section 3(b)(3) of the Florida Constitution. Fla.R. App.P. 9.030(a)(2)(A)(iv).
A sentence is also illegal when it is imposed on a conviction under a charging document that wholly fails to charge an offense. The allegations in count III of the information do not contain an allegation that appellant's overt act (which if it had resulted in a death may have constituted a felony murder) was done with a specific intent to kill. In my opinion[8] unless the charging document alleges that the defendant acted with an intent to kill (or what is more than an equivalent  that the defendant acted with intent to commit premeditated murder) it is insufficient to allege the crime of attempted murder. Because the charging document in count III fails to contain allegations of such a specific intent to kill it wholly fails to charge an offense. Accordingly, appellant's conviction and sentence as to such an inadequately alleged offense constitutes a violation of constitutional due process, is illegal and constitutes fundamental error[9] subject always to review and correction.
I would reverse the conviction and sentence relating to the attempted felony murder charge in count III and affirm both convictions and both sentences and the minimum sentence aspect of both sentences relating to the offenses charged in count I and count II.
NOTES
[1] Defense counsel at plea taking: "Yes. The only additional understanding that it is the contention of the Defendant this would be a single transaction. Also, the penalty of a firearm, the minimum penalty for a firearm being involved should be three years and not six. The Court stated that we would be allowed to appeal on those grounds." [emphasis supplied]
[2] Issues relating to the illegal sentences need not be preserved for appeal because guilty pleas, and pleas of nolo contendere without reservation, only cut off matters that precede such pleas. Sentences, of course, follow pleas. See Robinson v. State, 373 So.2d 898 (Fla. 1979).
[3] See Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978), which considers the fact that only one of the two types or species of aggravated assault requires the use of a deadly weapon.
[4] Apparently the U.S. Supreme Court has abandoned the Blockburger test as being a substantive test to distinguish offenses for double jeopardy purposes and has relegated it to "a rule of statutory construction," at least in a single trial setting. See Missouri v. Hunter, ___ U.S. ___, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
[5] See Fla.R.Crim.P. 3.151.
[6] See Fla.R.Crim.P. 3.150(a).
[7] Under Florida Rule of Criminal Procedure 3.150(a), to have been charged in the same information, the charged offenses must have been "based on the same act or transaction or on two or more connected acts or transactions."
[8] See the dissent in Amlotte v. State, No. 81-917 (Fla. 5th DCA May 12, 1983) [1983 FLW].
[9] See Ray v. State, 403 So.2d 956 (Fla. 1981); Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981).