436 So.2d 1074 (1983)
Jules BOIVIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2668.
District Court of Appeal of Florida, Third District.
September 6, 1983.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender and Lori Barrist, Legal Intern, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Of the points raised by appellant in this appeal only the challenge to his convictions and fifteen-year concurrent sentences for attempted murder, aggravated battery and possession of a firearm in the commission of a felony has merit. Boivin shot at a man and his son who came to Boivin's trailer to apologize for bumping into the trailer. The victim had been discharged from military service with a 100% disability and had a history of mental problems. Boivin stated that he had to shoot because "they were going to bury [him]." His shot injured the son. Following return of the jury's verdicts of guilt, the court entered the contested adjudications and sentences.
Upon review of the record we have determined that under the circumstances of this case, the aggravated battery predicated upon the shooting with a rifle is a lesser included offense of the attempted murder, which was also based upon the shooting with a rifle, Brown v. State, 206 So.2d 377 (Fla. 1968); Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978); Florida Standard Jury Instructions; In re Standard Jury Instructions, 431 So.2d 594 (Fla. 1981); and that possession of a firearm during the commission of any felony also predicated upon the shooting with a rifle is a lesser included offense of the aggravated battery. Cf. Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982) (felonious display of a firearm lesser included of aggravated assault). Since section 775.021(4), Florida Statutes (1981), precludes the imposition of multiple convictions and sentences which are lesser included offenses,[*] we vacate the convictions *1075 and sentences for aggravated battery and for possession of a firearm during the commission of a felony. Bell v. State, 437 So.2d 1057 (Fla. 1983); State v. Gibson, No. 61,235 (Fla. February 17, 1983) [8 FLW 76]. But see Hawkins v. State, 436 So.2d 44 (Fla. 1983). In all other respects the conviction and sentence for attempted murder are affirmed.
Affirmed as modified.
NESBITT, Judge (dissenting):
Because we are bound to follow the latest pronouncement from the supreme court, I dissent. In Hawkins v. State, 436 So.2d 44 (Fla. 1983), the court held that the defendant could not be separately sentenced for a lesser included offense, but allowed the conviction to remain intact. Following that decision, I would affirm the convictions for the lesser included offenses of aggravated battery and possession of a firearm during the commission of a felony, and only vacate the sentences.
NOTES
[*] Section 775.021(4) provides:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.