440 So.2d 392 (1983)
Ronnie George TORRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-470.
District Court of Appeal of Florida, Fifth District.
October 4, 1983.
Rehearing Denied November 8, 1983.
Michael H. Lambert, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
EN BANC.
Torrence was charged in a three count information with armed burglary,[1] attempted robbery, and use of a firearm in the commission of a felony. In charging attempted robbery (count II), the information alleged as follows:
CHARGE: Attempted Robbery, in Violation of F.S. 812.13 & 777.04.
SPECIFICATIONS OF CHARGE: In that RONNIE GEORGE TORRENCE did, on or about the 22nd day of February, 1979, at or near Daytona Beach within Volusia County, Florida, unlawfully by force, violence, assault or putting in fear, attempt to take certain property, to-wit: money, the property of Thoni Oil Magic Benzol Gas Stations, Inc. as owner or custodian, from the person or custody of Richard Graves, Jr., and in the course of *393 committing said Robbery, carried a firearm, to-wit: a handgun. (emphasis supplied)
The use of the phrase "carried a firearm" was apparently intended to bring into operation the enhanced felony provision in section 812.13(2)(b), Florida Statutes (1981), which provides "If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree ...".
After instructing the jury on attempted robbery, the trial court, believing aggravated assault to be a lesser included offense, proceeded to charge the jury on the elements of that crime. The record does not reveal any objection by Torrence's counsel to this instruction.
Torrence was found guilty of aggravated assault and use of a firearm in the commission of a felony. He was sentenced to three years imprisonment on the aggravated assault charge but sentencing was withheld on the use of a firearm charge. On this appeal, the question is whether aggravated assault was a lesser included offense of attempted robbery and if not, whether Torrence's failure to object to the instruction thereon constituted a waiver of any error.[2]
In Brown v. State, 206 So.2d 377 (Fla. 1968), the supreme court identified four categories of lesser included offenses. An aggravated assault is not a necessarily lesser included (category three) offense of attempted robbery since it was not necessary for the state in seeking to prove an attempted robbery to prove an aggravated assault. Brown, 206 So.2d at 382-83. Nor is it a category four lesser included offense in this case because the information did not contain all the elements of an aggravated assault.[3] An aggravated assault occurs when a person commits an assault with a deadly weapon or with an intent to commit a felony. § 784.021, Fla. Stat. (1981). The crime contemplates the use of a deadly weapon, i.e., that the accused assaulted the victim with a deadly weapon. Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978). See also State v. McQuay, 403 So.2d 566 (Fla. 3d DCA 1981). An allegation that the accused "carried a firearm" is insufficient in this regard. Vitko.
The remaining question, however, is whether the error in giving the instruction was fundamental and requires reversal of the conviction in the absence of an objection.[4] We believe that Ray v. State, 403 So.2d 956 (Fla. 1981), controls this question.
In that case, Ray was charged with sexual battery and the trial court instructed on commission of a lewd and lascivious act (lewd assault) as a lesser included offense. Both crimes are second degree felonies. A reconstructed record of the charge conference reflected that defense counsel did not object to the court's charge. Ray was convicted of lewd assault and on appeal initially argued that such crime is not a lesser included offense of sexual battery. The supreme court agreed, finding that it is not a Brown category three lesser included offense and further that it was not a category four lesser included because the information *394 failed to contain all the elements of lewd assault. The court then considered whether the conviction constituted fundamental error.
After defining fundamental error as that which amounts to a denial of due process, the court enunciated the following rule regarding a conviction under an erroneous lesser included charge:
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction. (emphasis added)
403 So.2d at 961.
The court concluded that no waiver existed in the case before it since the crime on which the trial court erroneously instructed and of which Ray was convicted (lewd assault) was not lesser in degree and penalty than the crime charged and the record did not show that Ray's attorney had requested or affirmatively relied on the instruction.
Applying Ray here, while count II of the information charging attempted robbery did not allege all of the elements of aggravated assault and hence that crime was not a category four lesser included offense, it was not fundamental error to convict Torrence of the crime since he had opportunities to object on the record to the erroneous instruction as well as the verdict form and failed to do so and aggravated assault is lesser in degree and penalty than attempted robbery.[5]
We also emphasize that there was ample evidence presented to prove Torrence used the firearm, that the instruction to the jury on aggravated assault correctly required proof of use of the firearm, and that Torrence was not in any way embarrassed or prejudiced in his defense as defense counsel repeatedly questioned witnesses regarding the use of the firearm. See Blow v. State, 386 So.2d 872 (Fla. 1st DCA 1980).
Therefore, we conclude that the omission of the term "used" in the context of this case was not fundamental error and affirm.
AFFIRMED.
ORFINGER, C.J., and DAUKSCH, COBB and FRANK D. UPCHURCH, Jr., concur.
SHARP and COWART, JJ., dissent with opinion.
SHARP, Judge, dissenting.
I respectfully dissent in this case, primarily because I think there was no conflict between the opinion proposed by the original panel and Carter v. State, 380 So.2d 541, 542 (Fla. 5th DCA 1980), and Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980). The original panel would have affirmed Torrence's conviction under Count III (use of a firearm in the commission of a felony), and would have reduced his conviction under Count II to simple assault, following the mandate of Ray v. State, 403 So.2d 956 (Fla. 1981).
There is no conflict, potential or otherwise, between the original panel's opinion and the two cases suggested by the en banc opinion as a basis for involving the conflict en banc rule. Wilson was decided before Ray, and to the extent Wilson departs from Ray, Ray should be controlling. Carter is completely consistent with Ray because in Carter, the defendant "requested a penalty instruction in regard to this lesser offense and argued the refusal thereof as a ground for new trial... . We agree with the state on the estoppel argument, and the requirement of contemporaneous objection... ." Id. at 543.
*395 The only "conflict" I see here is the one created by this en banc decision and Ray. As the majority notes, there is nothing in this record upon which to base any kind of waiver or estoppel of the defect in Count II on the part of Torrence or his attorney. Ray clearly requires such.
We agree that no waiver has been shown in the instant case. The two crimes instructed on by the trial court are both second-degree felonies, and lewd assault is not a permissible lesser included offense of sexual battery. On these facts, silence alone is not sufficient to demonstrate a waiver. (Emphasis added).
If Ray's counsel had requested the improper instruction, or had affirmatively relied on that charge as evidenced by argument to the jury or other affirmative action, we could uphold a finding of waiver absent an objection because constitutional error might not be fundamental error, and because even constitutional rights can be waived if not timely presented... .
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action... .
Id. at 961. Since the charge conference and closing arguments were not transcribed in this case, and no other affirmative action is shown here, I think Ray mandates reversal of Torrence's conviction under Count II, and, therefore, reduction to simple assault.
With regard to Count III, there is no fundamental defect. The information alleged:
Use of a Firearm While Committing or Attempting To Commit a Felony, in Violation of F.S. 790.07(2), . .. In that RONNIE GEORGE TORRENCE did, on or about the 22nd day of February, 1979, at or near Daytona Beach within Volusia County, Florida, while committing or attempting to commit a felony, to-wit: Burglary, Robbery, or Aggravated Assault, then and there, in the presence of Richard Graves, Jr., display, use, threaten or attempt to use a firearm, to-wit: a handgun. (Emphasis added).
In Robinson v. State, 323 So.2d 62 (Fla. 1st DCA 1975), a conviction was sustained where the information alleged in a separate count use of a firearm in the commission of a felony, but failed to specify the felony. The court said this was not fundamental error where it was clear the felony referred to those charged in other counts of the information.[1] Here, Count II sufficiently alleged aggravated assault but for the omission of the word "use," which was fully remedied by the allegations in Count III. Further, Torrence made no showing he was misled or disadvantaged in his defense.
Regarding Count III, the proofs and instructions were adequate to sustain his conviction thereunder, and the jury found him guilty. I do not think Redondo v. State, 403 So.2d 954 (Fla. 1981), is applicable to this case. Here, Torrence was not acquitted by the jury of the underlying felony. To the contrary, he was found guilty of aggravated assault under the imperfectly alleged Count II and Count III. See Marshall v. State, 421 So.2d 714 (Fla. 3d DCA 1982).
Since the simple assault conviction and the use of a firearm conviction involved the same crimes and the same acts, Torrence could not be convicted and sentenced for both. See Borges v. State, 415 So.2d 1265 (Fla. 1982); see also Bell v. State, 437 So.2d 1057 (Fla. 1983); State v. Gibson, Case No. 61,375 (Fla. February 10, 1983) [8 FLW 76]; Burke v. State, 415 So.2d 753 (Fla. 3d DCA 1982); Moore v. State, 414 So.2d 261 (Fla. 1st DCA 1982); Pierre v. State, 414 So.2d 30 (Fla. 3d DCA 1982). He should be convicted and sentenced for the greater offense (Count III) in this case.
*396 I would affirm Torrence's conviction for use of a firearm in the commission of a felony; and remand this proceeding to the trial court for resentencing on Count III.
COWART, Judge, dissenting:
A correct decision in this case requires a proper appreciation, acceptance and application of the following propositions as being correct principles of law:
(1) Every criminal offense is composed of certain essential basic components or constituent elements.
(2) A lesser included offense is a criminal offense all of the essential elements of which are entirely included in the elements essential to another criminal offense having a greater number of elements.
(3) A criminal charging document is adequate to charge, to give due process notice of, and to place a defendant in jeopardy as to, only those criminal offenses concerning which the charging document alleges every essential element.
(4) A criminal charging document that does not allege every essential element of a particular crime does not allege or charge that crime.
(5) The conviction of a defendant of a crime with which he was not charged and for which he has not been tried violates the due process clauses of the state and federal constitutions and constitutes fundamental error.
(6) Fundamental error is not subject to the contemporaneous objection rule and is not required to be raised in the trial court and can be raised at any time including on appeal and on habeas corpus.
(7) Fundamental error requires reversal unless the error has been waived.
(8) The waiver of a fundamental error in a criminal proceeding resulting from a violation of a constitutional right, like the waiver of the constitutional right itself, is never implied from mere silence or inaction and can only be made knowingly, intentionally and by the affirmative act of a defendant acting with the assistance of competent counsel.
The crime of aggravated assault of which Torrence was convicted requires an assault with, that is, by the use of, a deadly weapon. (1) The use of (2) a deadly weapon (3) to make an assault are essential constituent elements of the crime of aggravated assault. The charging document in this case (1) does not charge that Torrence assaulted Richard Graves, Jr., (2) alleges the word "assault" only in the disjunctive with words (force, violence, putting in fear) which are not legal equivalents of the word assault (see § 784.011(1), Fla. Stat. (1981)), and (3) does not allege that Torrence made any assault with, or by the use of, a deadly weapon.[1] It does not even allege a deadly weapon was used.[2] Therefore, the charging document in this case totally fails to allege all of the essential constituent elements of the offense of aggravated assault of which the defendant was convicted.
Under our reading of Ray v. State, 403 So.2d 956 (Fla. 1981), Judge Sharp and I, constituting a majority of the original panel to which this case was assigned, agreed that it was a violation of constitutional due process and fundamental error to convict Torrence of aggravated assault because the charging document on which he was tried failed to allege all of the essential elements of that crime and in this case there was no waiver of this fundamental error. The dissenting member of the original panel was *397 able to obtain an en banc consideration of this case, and a favorable majority, upon a claim that the proposed panel majority decision was in direct conflict with Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980), cert. den. 388 So.2d 1110 (Fla. 1980), and Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980). While this claim clearly implied that a decision contrary to the proposed panel decision would be based on Carter and Wilson, the en banc majority decision does not discuss Carter and Wilson but merely differs from the panel majority in interpretation of Ray.
However, the differing opinions in this case are not merely as to Ray but one of viewpoint or perspective as to the exact nature of the legal problem involved. This dissent is concerned with the constitutional due process problem involved in convicting a defendant of a crime with which he was not charged or tried. The en banc majority sees the problem as only one involving a jury instruction as to lesser included offenses and holds that the giving of an instruction which gave the jury permission to find Torrence guilty of aggravated assault, as a verdict alternative to finding him guilty or not guilty of attempted armed robbery (the offense alleged in the information on which Torrence was tried) was only an error in the giving of a jury instruction which Florida Rule of Criminal Procedure 3.390(d) bars consideration on appeal unless an objection is made of record before the jury retires to consider its verdict.[3] This is why the majority opinion emphasizes that the record does not reveal any objection by Torrence's counsel to this instruction.[4] The difference in approach to this particular problem by the judges on this court merely illustrates a similar long running conflict between many cases from many courts as to the enforcement of individual constitutional rights. There is no judicial duty more grave or important.
In Ray v. State, 403 So.2d 956 (Fla. 1981), Ray was charged with sexual battery, a violation of section 794.011(5), Florida Statutes (1981). The jury was instructed that a lewd and lascivious act, as prohibited under section 800.04, Florida Statutes (1981), was a lesser included offense of, and a jury verdict alternative to a conviction for, the charged offense of sexual battery. The jury convicted Ray of the lewd and lascivious act offense. By post-conviction motions Ray, for the first time, argued that because all of the elements of the lewd act offense were not alleged in the information, and because the lewd act offense was not a lesser included offense of the charged sexual battery, he had been convicted of a crime for which he was not charged and that his conviction was fundamental error and per se reversible. The trial court denied the motions and Ray appealed to the district court. The majority in the second district *398 court upheld the conviction saying that Ray could, and should, have objected to the improper instruction under Florida Rule of Criminal Procedure 3.390(d) and that his failure to do so constituted a waiver or estoppel to his attack upon his conviction. In a dissent Judge Grimes pointed cogently to the fact that the charging document did not allege one element of the lewd act offense (that the victim was under the age of fourteen years) and that this was fundamental error citing Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975). Ray v. State, 374 So.2d 1002 (Fla. 2d DCA 1979). On conflict certiorari the Florida Supreme Court quashed Ray's conviction, and approved Causey and disapproved the DCA Ray case. Causey held that if the essential elements of an offense are not included in the information on which a defendant is charged he is "improperly convicted for an offense with which he was not charged" and that "while no objection was made to the giving of the charge, the error is fundamental." 307 So.2d at 198. Justice McDonald in Ray explained that the question was not merely whether failure to object to an erroneous jury instruction was fundamental error but that federal and state constitutional due process prohibits one from being convicted of an offense not charged, i.e., convicted on a charging document that does not allege the elements of the offense for which the defendant was convicted. Ray further held that while even fundamental error can be waived, "silence alone is not sufficient to demonstrate a waiver" of this fundamental constitutional right.[5] Ray's conviction was quashed because the information in his case did not allege an element of the offense of which he was convicted. That defect was considered more than a mere pleading defect or jury instruction error and was held to constitute a fundamental error denying Ray due process and Ray was granted relief because he had not affirmatively waived that defect. Ray's conviction was quashed although he had not objected to the jury instruction erroneously submitting the uncharged crime to the jury as a "lesser included offense" and verdict alternative to a conviction or acquittal of the crime charged. In these particulars Torrence is in the identical position of Ray.
While the majority opinion states that Ray controls this question and seems to first recognize that the problem in the case is that the information does not allege the essential constituent elements of the offense of aggravated assault and, therefore, does not charge Torrence with the crime of which he was convicted, the majority en banc opinion avoids the result that should follow (and which followed in Ray) by subtly distinguishing Ray rather than following it. This is done by suggesting that the problem in Ray was that the crime of which Ray was convicted (lewd assault) was not "lesser in degree and penalty" than the crime with which Ray was charged (sexual battery), while the crime of which Torrence was convicted (aggravated assault) is lesser in degree and penalty than the crime with which Torrence was charged (attempted armed robbery).
The opinion in Ray does go further and states that it would not be fundamental error to convict of an erroneous, or improperly charged offense lesser in degree in penalty than the main offense. The en banc majority seizes on this language, inapplicable in Ray hence unnecessary to that decision, and particularly the word "or," to distinguish Torrence from Ray and to misconstrue the holding in Ray and restrict the *399 constitutional principles applied in Ray. Justice McDonald carefully pointed out that the lewd act offense in Ray was not a "lesser" included offense of the charged sexual battery offense for two reasons, viz: (1) "because the information did not contain all the elements specified in section 800.04," 403 So.2d at 959, and (2) because both offenses were second degree felonies. Accordingly, I assume that the language from Ray quoted by the en banc majority was intended to refer to the fact that even if the charging document alleged all elements of the offense of which the defendant was convicted (thereby eliminating the due process problem), that offense might still be "improperly charged" as a lesser included offense under criteria defining "lesser" included offenses for the purpose of verdict alternatives if the uncharged offense is not lesser in degree and penalty than the offense charged. (See, formerly, Brown v. State, 206 So.2d 377 (Fla. 1968), and now In re Standard Jury Instructions in Criminal Cases, Nos. 56,734 and 58,799 (Fla. April 16, 1981) [1981 FLW 305]). The impropriety involved in a charged offense not being lesser in degree and penalty to another charged offense would not be an error involving due process and would not be fundamental and would properly be subject to the contemporaneous objection rule. This interpretation of this language in Ray is also indicated by the fact that both Brown and the new standard jury instruction clearly recognize that the charging document must always contain the essential allegations of every offense that can be submitted to the jury as a verdict alternative to conviction or acquittal as to the offense charged. This recognition is contained in the qualifying language in each that states "depending upon, (a) the accusatory pleading," Brown, 206 So.2d at 383,[6] and "depending on the accusatory pleading" in category two of the 1981 schedule of lesser included offenses. Finally, this interpretation of Ray is mandated because neither the constitutional principle that a charging document that does not allege every essential element of the offense of which the defendant is convicted fails to give adequate due process notice nor the fundamental error involved in convicting one of an offense not charged are subject to any exception as to offenses lesser in degree or penalty than some other offense that might be properly charged in the charging document but as to which the defendant is not convicted. Fundamental error requires a reversal in the absence of affirmative action constituting a waiver of the error. The supreme court did not intend to hold in Ray that the due process clause of Amendment 14, United States Constitution, or Article I, section 9, Florida Constitution, permits a defendant to be convicted of an uncharged offense provided it is "lesser in degree and penalty" than some charged offense or to hold that the statutory penalty relationship between the charged and the uncharged offense is equivalent to an intelligent waiver of the fundamental error involved in the conviction of an uncharged crime.[7]
*400 The constitutional due process problem is not dependent on whether the uncharged offense of which a defendant is convicted is, or is not, a lesser included offense of the offense charged and because this due process violation constitutes fundamental error it is immaterial whether an objection was or was not made to a jury instruction. A constitutional due process violation is inherently involved any time a defendant is convicted of an offense for which he was not on trial, that is, of an offense all of the essential constituent elements of which were not alleged in the charging document on which he was tried. This is what Causey and Ray held. This organic rights violation is the same whether the defendant is convicted of an offense supposedly charged but not adequately charged (as when the charging document fails to allege all of the essential elements of the offense intended to be charged) or whether, as in this case, the defendant is convicted of some supposed lesser included offense, all of the constituent elements of which are not alleged in the charging document, instead of some supposed "greater" offense which may be adequately pleaded.
While I share Judge Sharp's concern about a newly emerging enlarged use of the en banc rule to override a panel majority with which the en banc majority merely disagrees,[8] and she adequately distinguishes Carter and Wilson, in this case only I prefer a head-on approach because I think it is more important for this court to be correct than to be consistent. As noted above, the en banc opinion does not discuss the rationale, correctness or applicability of Carter and Wilson, the cases used to assume en banc jurisdiction in this case. Both cases really miss the constitutional due process problem and, as does the en banc opinion in this case, considers the problem of the charging document not alleging all of the elements of an offense of which an accused is convicted as being only an error in the giving of a jury instruction subject to the contemporaneous objection rule embodied in Rule 3.390(d). Wilson relied on Carter and on remarks of Judge McNulty who partly concurred and partly dissented in Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969). In reversing the conviction of an uncharged crime Judge Pierce writing for the majority in Johnson went directly and concisely to the heart of the problem stating, at page 886:
But the crux of the situation is not so much the erroneous instruction on lesser included offenses as it is the fact that Johnson was actually convicted of an offense for which he was not, and could *401 not, be tried, under the information in question. The point was raised, and ruled upon adversely, in the motion for new trial; and even if it had not been raised at all it would have been fundamental error. (emphasis supplied)
In holding that the conviction of an uncharged crime is not fundamental error, Carter is erroneous. The error in Carter is well illustrated by the fact that one of the cases it relied on was Ray v. State, 374 So.2d 1002 (Fla. 2d DCA 1979), which is the very DCA opinion quashed by the Florida Supreme Court in Ray v. State, 403 So.2d 956 (Fla. 1981). If Carter was supported by the DCA Ray case it cited, and it was, then Carter is basically in conflict with the supreme court Ray case, which it is. In a subsequent connected case[9] this court summarized its holding in Wilson stating: "The fact that the information did not allege all of the elements of the assault charge was deemed not fundamental error and the failure of counsel to specifically object waived the defect and the error." 419 So.2d at 674. This is exactly contrary to the supreme court's later holding in Ray. In fact, in the supreme court Ray case, Wilson and Carter are listed along with the DCA Ray case and other cases and it is stated that they were contrary to the cases upon which Ray successfully relied. The supreme court charitably but ambiguously passed over this entire group of cases stating, "In most of these cases, the failure to object has been coupled with affirmative acts either seeking or acquiescing in the erroneous instruction." 403 So.2d at 961. Ray contended the cited cases involving waivers did not apply because the record in his case was totally silent as to whether Ray's counsel requested or depended on the erroneous instruction. The supreme court agreed that no waiver was shown and reversed Ray's conviction. The record in this case is just as devoid of evidence of affirmative action that might constitute a waiver of the fundamental error involved in violating Torrence's constitutional due process rights, see note 3 supra. In broad view the supreme court in Ray actually found two basically conflicting groups of cases, one group from the Second District Court of Appeal, illustrated by Causey, holding that a conviction of a crime not charged constitutes fundamental error which is per se reversible and a second group of cases, including Wilson and Carter and the Second DCA Ray case, which in similar situations had avoided reversal based on various and sundry findings of invited error, waiver or estoppel. The difficulty is that the rationale in some of the cases in the second group, including Wilson and Carter, was not that of a waived fundamental error but was that the error in convicting one of an uncharged crime was not a fundamental error and was subject to the contemporaneous objection rule. In Ray the supreme court held the conviction for an uncharged crime to be a fundamental error which if not waived required reversal and found Causey and the DCA Ray case to be in conflict on this point and quashed the DCA Ray case. This effectively invalidated Wilson and Carter which like the DCA Ray case held that the conviction of an uncharged crime was not fundamental error.
Contrary to the view of the en banc majority opinion, the questions in this case are *402 not (1) whether aggravated assault was a lesser included offense of the offense charged (attempted armed robbery) or (2) whether the information meets the requirements and standards of procedural rules of court, such as Florida Rule of Criminal Procedure 3.140(o),[10] or (3) whether "the error in giving the instruction was fundamental," or (4) whether a contemporaneous objection was made, or was required to be made, to the jury instruction. The questions are (1) whether it is a violation of constitutional due process and a fundamental error to convict a defendant on a charging document that fails to allege all of the essential constituent elements of the crime of which he is convicted, and (2) if so, is there an adequate record of affirmative action constituting a waiver. In Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), this court held that the statutory offense prohibiting tampering with a witness (§ 918.14(3)(a)(1), Fla. Stat. (1981)) required elements of scienter and of a specific intent and that the failure of the information in that case to allege those elements was fundamental error. Although the supreme court in State v. Gray, 435 So.2d 816 (Fla. 1983), disagreed and held that scienter and a specific intent were not essential elements of the offense there involved, that court specifically agreed with the DCA Gray opinion as to the quality of the infirmity involved and specifically held that "a conviction on a charge not made by the indictment or information is a denial of due process of law" and a fundamental defect that can be raised at any time. Although not a definition, the most notable aspect of fundamental error is that it can be raised for the first time on appeal and this differentiates it from an ordinary judicial error, objection to which must be timely raised in the trial court or, on appeal, it will be considered to have been waived. Ray v. State, 403 So.2d 956 (Fla. 1981), is completely in accord and clearly holds the conviction of a crime not charged to be fundamental error.
This leads to the question whether a fundamental error can be waived in a criminal case, and, if so, how.
It is in the field of criminal justice that a majority of courts are most concerned that defendants, disadvantaged by lack of formal legal training, not waive organic constitutional rights unknowingly by implication but only clearly and expressly with advice of competent counsel and it is also in criminal matters that acts of counsel waiving substantive rights unknowingly and without compensating benefit are regarded as sufficient evidence of ineffective assistance as voids the waiver. As to the constitutional due process fundamental error involved in convicting a citizen of a crime for which he was not on trial, Wilson, Carter and the en banc majority would quickly imply a waiver from the least bit of consensual conduct, such as counsel not objecting to erroneous jury instructions as to the uncharged crime. As to the impropriety of implying waivers of fundamental errors consider also Harris v. State, 438 So.2d 787 (Fla. 1983), where the supreme court stated that a defendant could waive his procedural right to have the jury instructed on necessarily included lesser offenses, "But, for an effective waiver, there must be more than just a request from counsel that these instructions not be given. We conclude that there must be an express waiver of the right to these instructions by the defendant, and the record must reflect that it was knowingly and intelligently made." Compare also the recent 5th DCA case of Kies v. Florida Insurance Guaranty Association, Inc., 435 So.2d 410 (Fla. 5th DCA 1983), which held that, after the plaintiffs in a civil case made a timely demand for a jury trial, acquiescence to, and full participation in, a complete non-jury trial without any objection *403 created no estoppel and constituted no waiver of the right to a jury trial because, as Judge Orfinger stated, "it required affirmative action on their part such as a written waiver or an announcement in open court to waive that constitutional right." Id.
This case has nothing to do with the sufficiency of evidence presented to establish an offense not charged but of which a defendant is convicted but with the due process infirmity in the conviction of a defendant for an offense not alleged in the charging document upon which he was tried.
The majority en banc opinion clearly holds that it is not fundamental error to convict a defendant of an offense not charged in the charging document if the offense of which the defendant is convicted is lesser in degree and penalty than the offense that is charged, even in the absence of any affirmative action constituting waiver. This holding completely ignores the fact that as to matters of form criminal offenses may be identified and differentiated by names, titles, statutory section numbers and classifications as to degrees or penalties but as to matters of legal substance, including constitutional due process and double jeopardy, criminal offenses can be accurately and adequately indentified and differentiated ONLY by reference to their essential elements.[11] For due process, double jeopardy and other constitutional and substantive purposes the degree or penalty or title attached to offenses by the legislature does not serve to identify or distinguish two or more statutory offenses as being "the same offense" or different but it is the difference in constituent elements that differentiates offenses from each other and it is only the different allegations as to those different elements that determines to what statutory offenses jeopardy attaches. After years of confusion the recent cases of Bell v. State, 437 So.2d 1057 (Fla. 1983), and Borges v. State, 415 So.2d 1265 (Fla. 1982), have, as to double jeopardy, made this clear. Similarly, it is the same substantive allegations in the charging document that give due process notice as to the charges with which the defendant has been accused and for which he is being tried. In a very consistent manner Ray correctly holds that a charging document that does not allege all of the essential elements of a certain statutory offense does not give the notice and hearing (trial) required by the due process clauses of the state and federal constitutions as to a conviction of the uncharged offense. Ray goes further and holds that the due process error involved in the conviction of one for an uncharged offense is fundamental and not subject to the contemporaneous objection rule and requires reversal unless it has been waived by clear affirmative action.
In final analysis this point is simple: In that the charging document did not allege all of the essential elements of the crime of aggravated assault, Torrence was convicted of a crime for which he was not charged and for which he was not being tried. This violates constitutional due process and constitutes fundamental error. Torrence took no affirmative action sufficient to imply his knowing, intentional and informed waiver of his due process rights or of this error. The en banc majority upholds his conviction. I would follow the holding in Ray and reverse.
The en banc majority holding is not required, authorized or permitted by Ray and is in conflict with a host of cases that support the eight principles set out at the beginning of this dissent and which cases include Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); DeJonge v. Oregon, 299 U.S. 353, *404 57 S.Ct. 255, 81 L.Ed. 278 (1937); Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441 (1895); The Schooner Hoppet and Cargo v. United States, 11 U.S. 389, 7 Cranch 389, 3 L.Ed. 380 (1813) (Chief Justice John Marshall stated, "The rule that a man shall not be charged with one crime and convicted of another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence."); State v. Rozier, and State v. Young, 436 So.2d 73 (Fla. 1983); State v. Gray, 435 So.2d 816 (Fla. 1983); State v. Sykes, 434 So.2d 325 (Fla. 1983); Ray v. State, 403 So.2d 956 (Fla. 1981); State v. Black, 385 So.2d 1372 (Fla. 1980); State v. Dye, 346 So.2d 538 (Fla. 1977); Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); LaRussa v. State, 142 Fla. 504, 196 So. 302 (1940); Penny v. State, 140 Fla. 155, 191 So. 190 (1939); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Minor v. State, 329 So.2d 30 (Fla. 2d DCA 1976); Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975); O'Neal v. State, 308 So.2d 569 (Fla. 2d DCA 1975), overruled in Roberts v. State, 320 So.2d 832 (Fla. 2d DCA 1975); Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971); Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969).
Only because of Pitts v. State, 425 So.2d 542 (Fla. 1983), do I agree that the firearm offense under Count III can be sustained notwithstanding that the related felony charge of aggravated assault cannot properly be sustained because the jury verdict did not preclude a finding of guilty as to the felony but, to the contrary, affirmatively found such guilt. However I cannot agree with Judge Sharp that if the charging document is sufficient to charge simple assault Torrence should be convicted and sentenced only for the greater offense (Count III) and not both offenses because that position is an application of the old "single transaction rule" which was abolished by section 775.021(4), Florida Statutes.[12] Since the offense of simple assault (§ 784.011, Fla. Stat.) and the firearm offense (§ 790.07(2), Fla. Stat.) each has one or more elements that the other does not have, neither is a true or necessarily lesser included offense of the other and the Blockburger[13] test for "difference" is passed. Thus, constitutionally, the two offenses are not "the same offense" and it is immaterial that the two charges arise out of the same factual event. Borges v. State, 415 So.2d 1265 (Fla. 1982),[14] applies and double jeopardy does not prevent prosecution, conviction or punishment as to both offenses. Both before and after it was amended June 22, 1983, section 775.021(4), Florida Statutes, mandates that separate sentences be imposed on conviction as to each such separate criminal offense.
I would reverse the conviction of aggravated assault under Count II. I would affirm the conviction of the firearm offense under Count III, a violation of section 790.07(2), Florida Statutes.
NOTES
[1] This count was not prossed.
[2] This matter has been determined en banc because of a potential conflict with Carter v. State, 380 So.2d 541, 542 (Fla. 5th DCA 1980), and Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980).
[3] In approving the new standard jury instructions and schedule of lesser included offenses in 1981, the supreme court renumbered and reduced the Brown categories to two:

1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses; and
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and evidence, which includes all attempts and some lesser degrees of offenses.
See In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981); In re Standard Jury Instructions in Criminal Cases, Nos. 56,734, 58,799 (Fla. April 16, 1981) [1981 F.L.W. 305]. In this schedule of lesser included offenses, which is presumptively correct and complete, Ray v. State, 403 So.2d 956, 961, n. 7 (Fla. 1981), aggravated assault is listed as a category two offense to the crime of robbery.
[4] In Vitko the court, in reversing the conviction for aggravated assault, did not mention whether the defendant objected to the aggravated assault instruction.
[5] See § 812.13, 777.04(4)(b) and 784.021, Fla. Stats. (1981). It should be noted that because the charge conference and closing arguments to the jury were not transcribed, the record does not reveal whether Torrence's counsel requested the charge on aggravated assault or relied on it in arguing to the jury.
[1] Cf. Lloyd v. State, 242 So.2d 150 (Fla. 2d DCA 1970).
[1] The dissent in Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983), advocated the holding in Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978), that aggravated assault is not a necessarily lesser included offense of armed robbery. The majority in this case adopts the view of the dissent in Baker; therefore the majority in this case should acknowledge its direct conflict with Baker on this point and recede from Baker.
[2] It has long been reasonably assumed that every firearm would be "a deadly weapon" within the meaning of the aggravated assault statute, § 784.021(1)(a), Fla. Stat. (1981). However, in view of the statutory definition of firearm in § 790.001(6), Fla. Stat. (1981), which defines firearm to include firearm frames, receivers, mufflers and silencers, it can no longer be reasonably assumed that the term firearm, as a matter of law, is "a deadly weapon."
[3] By similar reasoning constitutional double jeopardy rights have been equated to the court rules that merely implemented them and violations denied judicial redress on the basis of waiver implied from failure to comply with other procedural rules requiring contemporaneous objection. See, e.g., Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980). A right is worth no more than the value of the remedy provided for its breach. A right is impaired and destroyed by impairing or destroying its remedy or by implying waivers of its breach. Violations of individual constitutional rights are considered fundamental errors not subject to limitations imposed by procedural rules or implied waivers for the very purpose of preventing those substantive rights from being diluted, limited or impaired by mere technical matters of procedure and form imposed by the courts entrusted with their preservation and enforcement.
[4] Note 5 to the majority opinion points out that in this case the charge conference and closing argument of counsel were not transcribed. Torrence is not depending on the record to reflect the fundamental error as to his due process rights as it appears from the face of the charging document and the judgment of conviction. It is the State that suffers from the lack of a record demonstrating affirmative action constituting a proper waiver of the fundamental error. Even assuming as does the en banc majority that a contemporaneous objection was required the burden is on the State to produce a record affirmatively showing that Torrence did not object. It is not on Torrence to produce a record affirmatively showing that he did. However, this case should be decided in favor of Torrence on the substantial points of law involved although this procedural point is a sufficient basis for a reversal.
[5] See 403 So.2d at 961. With this understanding the holding in Ray is squarely in accord with a vast body of federal law holding that the waiver of a fundamental constitutional right requires a knowing, intentional affirmative act and cannot be inferred or presumed from mere inaction or from a failure to object to a violation of such right. This principle has been applied to constitutional rights relating to self-incrimination, search and seizure, due process, the right to a trial by jury and many other constitutional rights. Silence and inaction include a failure to object under Florida Rule of Criminal Procedure 3.390(d) or other legal authority that would imply a waiver from the failure to make a contemporaneous objection. See State v. Sykes, 434 So.2d 325, 328 (Fla. 1983) ("The lack of objection to the instruction could not constitute a waiver of this fundamental defect.")
[6] The supreme court, in Brown v. State, 206 So.2d 377 (Fla. 1968), states: "[W]e are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted." Id. at 383.
[7] One aspect of the "single transaction" rule, that was abolished by section 775.021(4), Florida Statutes (1981), was that the one "greater" offense of the multiple offenses committed in the same or single transaction or criminal episode for which the defendant could be sentenced was the offense with the greatest penalty. Thus for the purposes of that rule the question of whether one offense was greater or lesser than another was determined by comparing the penalty for each and therefore one offense was not considered "lesser" than another unless it had a lesser penalty. This method of organization or gradation of offenses was not even made a part of the criteria for greater or lesser offenses set forth in Brown v. State, 206 So.2d 377 (Fla. 1968), which conceptualized a category four lesser included offense as a jury verdict alternative primarily to implement the single transaction rule. The penalty attached to an offense has nothing to do with the test for determining the substantive difference between offenses by analysis and comparison of the elements of each for constitutional double jeopardy and due process purposes and the June 22, 1983, amendment to section 775.021(4), Florida Statutes, makes it abundantly clear that the elements of the offense alone, and not the penalty, the pleadings or the proof is used in determining "same" and "separate" offenses for both substantive constitutional analysis and for sentencing purposes in Florida. Unfortunately the penalty aspect of offenses is frequently considered in the substantive analysis of the identity of offenses in double jeopardy and due process cases, where it is a false factor. Cases suggesting that the penalty is material to an analysis of the substantive difference between offenses include State v. Gibson, No. 61,325 (Fla. February 17, 1983) [1983 FLW 76]; State v. Carpenter, 417 So.2d 986 (Fla. 1982); Ray v. State, 403 So.2d 956 (Fla. 1981); Spencer v. State, 438 So.2d 864 (Fla. 1st DCA 1983); Anderson v. State, Nos. AO-281 and AO-282 (Fla. 1st DCA July 18, 1983) [1983 FLW 1888]; Parks v. State, 437 So.2d 790 (Fla. 2d DCA 1983); Boivin v. State, 436 So.2d 1074 (Fla. 3d DCA 1983); Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980).

The analysis and comparison of the essential constituent elements of criminal offenses, which is the true Blockburger test, is the view in State v. Cantrell, 417 So.2d 260 (Fla. 1982); Borges v. State, 415 So.2d 1265 (Fla. 1982), the supreme court Bell case (Bell v. State, 437 So.2d 1057 (Fla. 1983), the dissent in the DCA Bell case (Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982)), the dissent in Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983), the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981), and Ziegler v. State, 385 So.2d 1168 (Fla. 1st DCA 1980), rev. den. 392 So.2d 1381 (Fla. 1980).
[8] See Judge Baskin and Judge Hubbart dissenting in Taylor v. State, 436 So.2d 124 (Fla. 3d DCA 1983) and Judge Nesbitt and Judge Hubbart dissenting in Schreiber v. Chase Federal Savings & Loan Ass'n, 422 So.2d 911 (Fla. 3d DCA 1982).
[9] Wilson v. Eastmoore, 419 So.2d 673 (Fla. 5th DCA 1982). Wilson, piqued by this court's refusal to remedy the violation of his due process rights resulting from his conviction of an uncharged crime, sought relief in the nearest federal district court. That court granted him habeas corpus and vacated his conviction of the uncharged crime and ordered his retrial. Unfortunately the relief was not based on the contemporaneous rule being inapplicable to the fundamental error involved in the violation of constitutional rights but upon a finding that, as a matter of fact, Wilson's counsel had made a timely and sufficient objection as to the jury instruction on the uncharged crime. Further, as Wilson's conviction of the uncharged crime resulted in his acquittal as to the greater crime with which he was charged, the order for retrial itself violated Wilson's double jeopardy rights. When Wilson sought relief from that violation of his constitutional rights, this court denied Wilson relief. Wilson v. Eastmoore. The last chapter in the saga of Wilson's quest for enforcement of his constitutional rights is not written in the published law reports or in the record in this case and therefore, of course, cannot be revealed here.
[10] Because as a matter of law it fails to give adequate due process notice of "the nature and cause of the accusation against him" the failure of a charging document to allege all of the essential elements of a particular crime is certainly a defect that, as a matter of law, as to every uncharged offense, renders that charging document so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense and as to expose him after conviction or acquittal to substantial danger of a new prosecution for every uncharged offense. See State v. Sykes, 434 So.2d 325 (Fla. 1983).
[11] It is absolutely imperative to the preservation of individual constitutional rights under our form of government that this statement be correct, otherwise the legislature could render fundamental substantive individual rights ineffective by merely manipulating matters of form, such as titles, numbers and classifications as to degrees and penalties, all of which are subject to unrestrained legislative discretion and power.
[12] Judge Sharp's position is consistent with Boivin v. State, 436 So.2d 1074 No. 81-2668 (Fla. 3d DCA Sept. 6, 1983) [1983 FLW 2202], but inconsistent with Borges.
[13] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Also see Bell v. State, 437 So.2d 1057 No. 62,002 (Fla. June 9, 1983) [1983 FLW 199], and the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982).
[14] See also State v. Cantrell, 417 So.2d 260 (Fla. 1982).