COWART, Judge,
dissenting:
Appellant, a child charged with delinquency in a petition alleging that the delinquent act was the commission of an aggravated battery in violation of section 784.-045(l)(b), Florida Statutes, (1981), was found delinquent by virtue of discharging a firearm in public in violation of section 790.15, Florida Statutes, (1981), as a lesser included offense of the offense charged.
*249 An offense under section 790.15, Florida Statutes, (1981), is not a lesser included offense of the charged offense of aggravated battery (section 784.045(l)(b), Florida Statutes, (1981)).
First, the statutory offense of discharging a firearm in public (§ 790.15, Fla.Stat. (1981)) is not a true or necessary lesser included offense of statutory aggravated battery (§ 784.045(l)(b), Fla.Stat. (1981)) because the 790.15 offense has many elements not necessarily included in the elements of the 784.045(l)(b) offense. Section 790.15 requires the existence and presence of a firearm while section 784.045(l)(b) requires a deadly weapon. A firearm (as defined in section 790.001(6), Fla.Stat. (1981)), may, or may not, be a deadly weapon but not every deadly weapon is a firearm. Section 790.15 requires the firearm to be discharged; 784.045(l)(b) requires only that the deadly weapon be “used”. A deadly weapon, even a firearm, may be “used” without being discharged. Section 790.15 requires the firearm be discharged in a public place or on or over certain rights-of-way or occupied premises while section 784.045(l)(b) contains no element relating to a necessary particular place of the offense. Section 790.15 requires the prohibited act to be done with certain knowledge relating, presumably, to the firearm and to the character of the place where the firearm is discharged, while section 784.045(l)(b) requires no such particular knowledge as to the character of the place of the offense.
Secondly, the violation of section 790.15, Florida Statutes (1981), was not a permissive lesser included offense in this case (as a category four lesser included offense under Brown v. State, 206 So.2d 377 (Fla.1968)) because the charging document wholly failed to allege the above elements of the 790.15 offense prohibited by section 790.15, Florida Statutes, (1981).
In an Anders brief petitioner’s public defender erroneously concedes this point saying, “Discharging firearms in public is a lesser included offense of aggravated assault according to the Florida Standard Jury Instructions.” This reference is apparently to the schedule of lesser included offenses approved by the Supreme Court in In re Standard Jury Instructions in Criminal Cases, Nos. 56,734, 58,799 (Fla. April 16, 1981) [1981 FLW 305], See note 39 to the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982). No inclusion of an offense under the name of another offense on any list or schedule or in any jury instructions can serve as an alternative or substitute for the fundamental constitutional requirement that the charging document in all criminal cases and delinquency eases must allege all of the essential elements of a particular criminal offense or delinquent act or the charging document is so fatally defective that it will not support a conviction or finding of delinquency because it violates due process and does not properly invoke the jurisdiction of a court to adjudicate the unalleged facts and uncharged offense or uncharged act of delinquency.
Due process requires that petitions alleging delinquency in juvenile cases allege all essential facts necessary to be proved in order to establish the criminal cause of action or offense which is alleged to constitute the alleged act of delinquency. The delinquency petition in this case may have adequately charged the offense of aggravated battery but it wholly fails to allege the elements of the offense of discharging a firearm in public and it is the juvenile judge’s finding of acts violative of that offense upon which appellant’s adjudication of delinquency is based. The fact that all of the elements of an uncharged offense are in fact proved never solves the due process problem because that always occurs when one is tried and convicted on an uncharged offense. If defense counsel misrepresented the law of lesser included offenses it evidences ineffective assistance of competent counsel (see Chapman v. State, 442 So.2d 1024 (Fla. 5th DCA 1983), but it does not cure or waive due process violations or estop an accused from asserting due process rights one of which is to not be convicted of an uncharged crime and another of which is to have competent *250 counsel. The trial court cannot really be said to have convicted appellant on an uncharged lesser included offense because of the representations of defense counsel as to the law in a criminal or delinquency case when defense counsel cannot even affirmatively waive the constitutional right to have lesser included offenses considered on the issue of guilt. See Harris v. State, 438 So.2d 787 (Fla.1983). The adjudication of delinquency, therefore, should be reversed because it was based on a finding of delinquency as to an act not charged.
The majority disposition cites Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983). In addition to the dissent in that case note that the criminal jury instruction contemporaneous objection rule (Fla.R.Crim.P. 3.390(d)) relied on by the majority in Tor-rence to imply a waiver does not relate to the non-jury delinquency proceeding in this case. In a juvenile non-jury adjudicatory hearing there being no jury instructions as to possible jury verdict alternatives, there is neither duty nor opportunity to object to the possibility that one may be found guilty of an uncharged act of delinquency until after it happens. Therefore, no waiver of the error of being found guilty as to an uncharged act of delinquency can be implied from a failure to object to jury instructions and should not be implied from acts of defense counsel. Harris v. State. Furthermore, the lesser included offense concept based on a difference in “degree and penalty,” relied on by the majority in Torrence, does not apply in juvenile proceedings where all delinquency charges are of the same “degree and penalty” without regard to any difference in the degree or penalty of any penal statute or ordinance or contempt relied on as a delinquent act. See §§ 39.01(8) and 39.09(3), Fla.Stat. (1981).