HURLEY, Judge.
McCants was convicted of armed robbery and grand larceny. He was sentenced to twenty-five years for armed robbery and five years for grand larceny, the sentences to run concurrently. He appeals the judgment and sentence. ■ We affirm as to the armed robbery, but reverse as to the grand larceny.
A defendant may not be sentenced on both a lesser included offense and the higher offense arising out of the same criminal transaction. Section 775.021(4), Florida Statutes (1977); McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979). According to the Supreme Court’s decision in Brown v. State, 206 So.2d 377 (Fla.1968), there are four categories of lesser included offenses: (1) crimes divisible into degrees; (2) attempts to commit offenses; (3) offenses necessarily included in the offense charged; and (4) offenses which may be included in the offense charged, depending on the accusatory pleading and the evidence.
Since the only distinction between larceny and robbery is the element of contemporaneous or precedent force, violence or inducement of fear for one’s physical safety which robbery includes, it is legally impossible to prove a robbery without also proving a larceny. McCloud v. State, 335 So.2d 257 (Fla.1976); Hammer v. State, 343 So.2d 856 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 175 (Fla.1977). Larceny thus falls into the third category of Brown as a necessarily included offense in the crime of robbery. Brown v. State, supra; McClendon v. State, supra. Grand larceny, however, encompasses a value element not essential for robbery and, therefore, it is not necessarily included in the offense of robbery. Rather, it falls within category four of Brown and may be a lesser included offense if it is alleged in the accusatory instrument and supported by the proof at trial. State v. Anderson, 270 So.2d 353 (Fla.1973); Brown v. State, supra; Haynes v. State, 377 So.2d 771 (Fla. 4th DCA 1979).
Under category four of Brown, a defendant “. . . may be convicted of any lesser offense, which, although not an essential ingredient of the major crime, is spelled out in the accusatory pleading in *755 that it alleges all of the elements of the lesser offense and the proof at trial supports the charge.” State v. Anderson, supra at 356. In the case at bar, McCants was fully advised of all the offenses of which he might be found guilty. The robbery count charged that he had taken currency and personal property by force, violence, assault or putting in fear. The grand larceny count alleged that he had taken currency and property of a value of $100.00 or more. These allegations were proven at trial and it is clear from the record that the robbery and grand larceny were part of the same transaction, i. e., they involved the same victim and occurred at the same time and place. In this context, the grand larceny was a lesser included offense of the armed robbery. We therefore affirm the armed robbery conviction, but reverse the conviction for grand larceny and remand with instructions to vacate the judgment and sentence as to the latter.
Affirmed in part, reversed in part and remanded with instructions.
DOWNEY, C. J. and GLICKSTEIN, J., concur.