474 So.2d 5 (1985)
Theodis TOLBERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1137.
District Court of Appeal of Florida, Third District.
July 30, 1985.
*6 Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the defendant's conviction for aggravated battery upon a holding that where, as here, the defendant was charged with sexual battery, the not-necessarily-included offense of aggravated battery is a lesser offense of sexual battery only if the elements of Section 784.045, Florida Statutes (1983), are alleged in the charging document.[1]Cf. Bragg v. State, 433 So.2d 1375 (Fla.2d DCA 1983); Gay v. State, 432 So.2d 602 (Fla.2d DCA 1983). Since the information in the present case failed to allege an aggravated battery, the fact that such an offense may have been shown by the evidence is irrelevant; a defendant cannot stand convicted of a crime for which he was not charged. Ray v. State, 403 So.2d 956 (Fla. 1981).
Reversed.
NOTES
[1] For example, in the instant case, because no deadly weapon was used, the information should have alleged that the defendant in committing the sexual battery intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement to the victim.