BARFIELD, Judge.
Appellant was charged with robbery under section 812.13, Florida Statutes (1983). The information alleged appellant “unlawfully by force, violence, assault or putting in fear, and with the intent to permanently deprive, take certain property towit: approximately $80 U.S. currency, a pair of boots, a wallet, a shirt, a pair of pants and underware [sic]” of the victim. A separate charge of battery was also made. Following a non-jury trial, the trial court found appellant guilty of battery and of grand theft. Defense counsel objected to the grand theft finding, contending that the allegation in the information was insufficient to establish grand theft. The trial court denied the objection, noting the items listed in the information would easily be in excess of $100, the threshold value for grand theft under section 812.014(2)(b).
The question before the court is whether the allegations in the information sufficiently allege the elements of grand theft as a lesser included offense of a charge of robbery.
A charge of robbery necessarily includes the elements of a charge of petit theft in that in proving a charge of robbery under section 812.13, the State must also prove the elements of petit theft under section 812.014(2)(c). Thus, petit theft is a necessarily included offense of robbery. State v. Rodriquez, 500 So.2d 120 (Fla.1986), overruled on other grounds, Carawan v. State, 515 So.2d 161 (Fla.1987); Hand v. State, 199 So.2d 100 (Fla.1967) (larceny is necessarily included element of robbery). But there is a value element in grand theft under subsections 812.014(2)(a) and (b) (values greater than $20,000 and $100, respectively) that sets those crimes apart from the crimes of robbery or of petit theft. Because the value of the property taken is an element of a charge of grand theft, Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975), grand theft is not a necessarily included offense of a charge of robbery. Rodriquez v. State, 500 So.2d at 120. However, an indictment or information is sufficient to charge a lesser included offense such as grand theft where, by allegations contained within the document, all of the essential elements of the lesser offense are alleged. Thus, if the charging document sufficiently alleges the value of the property taken as exceeding $100, then the crime of second degree grand theft becomes a lesser included offense by virtue of the allegations in the pleadings. *1075 McCants v. State, 382 So.2d 753 (Fla. 4th DCA 1980).
The value of the property allegedly taken is an important element of any charge of grand theft, whether of the first or second degree and whether it is the principal crime charged or is a lesser included offense. The theft statute, section 812.014, and the Standard Jury Instructions on theft and on the prior crime of larceny all rely on the value of the property taken for enhancement of the potential penalty an accused may face upon conviction.[1] Value remains an element of the crime because it is the factor that distinguishes the crimes of petit theft, first degree grand theft and second degree grand theft.
The elements of grand theft are the generic prohibited conduct set out in section 812.014(1), along with the value of the property taken as set out in either subsections 812.014(2)(a) or (b). The alleged value is the element that informs an accused of the penalty he faces for the conduct constituting theft. It also informs the accused of a critical element that he must defend against in the State’s case against him, namely the issue of the value of the property. Due process principles mandate that a charging document inform the accused of the offenses he is charged with committing, the severity of the possible penalty and the elements which the State must establish before he may be lawfully convicted and punished for the prohibited conduct. Such information must adequately appear on the face of the pleading. It is not enough that the crime of grand theft might be comprehended within the general scope of the principal charge of robbery; the elements of that lesser crime must be specifically set forth within the pleading. State v. Anderson, 270 So.2d 353 (Fla.1972).
We cannot find that the information charging J.C.B. with robbery sufficiently alleged the value of the property taken to provide him with notice of the potential penalties he faced or the elements of the crime he had to defend against. The identification of the articles of clothing in the information does not necessarily lead to the conclusion that the total value taken exceeded $100. Although there may be circumstances where the mere naming of the articles or goods taken might adequately inform an accused that he faces possible conviction of grand theft, the better practice is to expressly allege in the charging document that the property had a value greater than $100 or whatever value the particular crime requires. In this case we do not question the trial court’s recognition of the value of the articles taken, but we emphasize that the value of the property must be clear from the accusatory pleading. From an abstract perspective, it cannot be said that boots, wallet and clothing of the robbery victim necessarily exceeds $20 so as to put this defendant on notice of the crime of grand theft for which he must answer. Because the information in this case was insufficient to support a finding *1076 of delinquency for grand theft, the trial court’s finding of delinquency as to grand theft was error.
However, the information was adequate to support a finding of petit theft. The case is REMANDED to the trial court to correct the record to reflect that J.C.B. was delinquent for committing petit theft. The other issues raised are found to be without merit and the trial court’s findings are AFFIRMED in all other respects.
SMITH, C.J., and JOANOS, J., concur.

. Other crimes also make distinctions in the elements to be proved and the potential penalty, based on the value of the property involved. See § 509.151, Florida Statutes (obtaining food or lodging through fraud) and § 806.13, Florida Statutes (criminal mischief).
If less than $100 in food or lodging is obtained by fraud, the crime is a second degree misdemeanor with a penalty of up to 60 days in jail. If the amount exceeds $100, it is a third degree felony and the penalty increases to 5 years imprisonment. § 509.151. In Michutka v. State, 506 So.2d 1 (Fla. 1st DCA 1986), this court granted post-conviction relief upon a finding that an information alleging defrauding an innkeeper failed to state the value of the food and lodging was $100 or more. The information thus was insufficient to sustain the conviction for a third degree felony. The failure to allege the value meant Michutka could have been convicted only of a misdemeanor.
The crime of criminal mischief is a third degree felony if the value of the property damaged exceeds $1000. If it exceeds $200 but is less than $1000, the crime is a first degree misdemeanor. If the value is less than $200, the crime is a second degree misdemeanor. § 806.-13(l)(b)l, 2, & 3. However, in Valdes v. State, 510 So.2d 631 (Fla. 3d DCA 1987), it was held that proof of the value of the property damaged was not an essential element of the crime of criminal mischief. Value was found to be relevant only to the severity of the crime. We refuse to follow the reasoning and suggestion of our sister court that the State need only prove the prohibited conduct and not the value of the property involved when charging a crime under § 812.014, Florida Statutes.