616 So.2d 1194 (1993)
In the Interest of E.W., a child.
No. 92-1971.
District Court of Appeal of Florida, Fourth District.
April 21, 1993.
Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant's grand theft conviction is reversed.
The information, charging robbery, made no reference to the value of the victim's stolen property. The trial court found Appellant not guilty of robbery as charged, but guilty of "theft." Upon taking further evidence on the issue of the value of the property, the court found Appellant guilty of theft of a necklace worth over $300.00. The first time Appellant was placed on notice that value was an essential issue in the trial was after the court announced that he was not guilty of robbery.
A defendant may not be convicted of a permissive lesser included offense where the charging document is silent as to an essential element of that offense, absent a waiver, affirmative conduct, or other exceptional circumstance. E.g., J.C.B. v. State, 512 So.2d 1073 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988); In re C.T., 582 So.2d 1245 (Fla. 4th DCA 1991). The State, however, asserts that Appellant *1195 had the opportunity to object to the court's considering the degree of the theft but did not do so, thereby failing to preserve any error. See Ray v. State, 403 So.2d 956 (Fla. 1981). The State also argues that such an error was not fundamental and is therefore not subject to review. Id.
On our review of the record, we cannot conclude that Appellant waived the error by not objecting after the court announced that it wanted to take additional evidence on the issue of value. Although counsel could have been of more assistance to the court, this is not a circumstance where the defense has played a significant role in the trial court's erroneous ruling, failed to object to an erroneous jury instruction, or applied a strategy that might have inured to the defendant's benefit. At no time did Appellant consent to being tried for grand theft nor was the error invited. See Falstreau v. State, 326 So.2d 194 (Fla. 4th DCA 1976), called into doubt by Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980); Gordon v. State, 603 So.2d 512 (Fla. 1st DCA 1992). The prejudice in this case is obvious. See also, Meenaghan v. State, 601 So.2d 307 (Fla. 4th DCA 1992).
The judgment and sentence are reversed and remanded for entry of an amended judgment of petit theft. There is no need to address the other issue raised on appeal.
GUNTHER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.