PER CURIAM.
Jerome Johnson appeals from a judgment of conviction for aggravated assault. We affirm.
Contrary to Johnson’s argument, the trial court correctly denied his peremptory challenge to a juror. Upon the State’s objection to the attempted strike, the trial court conducted the inquiry required by State v. Neil, 457 So.2d 481 (Fla.1984), and found that the reasons given for the strike were pretextual. The record supports the trial court’s determination that the peremptory challenge was based on race or ethnicity. Accordingly, the trial court properly seated the juror.
Johnson has failed to preserve for appellate review his second point on appeal. Although the trial court erroneously instructed the jury on the lesser included offense of aggravated assault,[1] defendant did not properly object to that charge by specifically stating his grounds for objection, and is precluded from challenging the instruction on appeal. See Occhicone v. State, 570 So.2d 902, 906 (Fla.1990) (to preserve issue for appellate review, specific legal ground must be presented to trial court), cert, denied, — U.S.-, 111 S.Ct. 2067 (1991); Courson v. State, 414 So.2d 207 (Fla. 3d DCA 1982) (to preserve for appellate review an objection to giving instruction, defendant must state distinctly the matter to which he objects and the grounds of his objection); Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980) (where defendant failed to give specific grounds for objection to instruction on aggravated assault, objection was not preserved even though instruction was given in error).
AFFIRMED.

. See Owens v. State, 475 So.2d 1238 (Fla.1985) (where document that charged defendant with armed robbery merely alleged that defendant had carried a gun, and did not allege that he had used the weapon, trial court erred in instructing the jury on aggravated assault).