641 So.2d 439 (1994)
Robert Christopher PIERCE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3747.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
In this appeal from a conviction for grand theft, we reduce the conviction to petit theft and remand for resentencing.
The defendant was charged by information with armed robbery. The charging document described the articles taken merely as "jewelry, money, shoes and car keys," without any allegation as to the value of the stolen property. During trial at the jury charge conference, when he became aware that the judge intended to instruct the jury *440 on lesser included offenses, defense counsel objected to any instructions on offenses other than the armed robbery as charged.
Before submitting the case to the jury, the trial judge gave an instruction that, if it determined that the principal charge of robbery had not been proved beyond a reasonable doubt, the jury should decide whether the defendant was guilty of any lesser included offenses, one of which was grand theft. The crime of grand theft, he further instructed, required a determination that the value of the property taken exceeded $300. The jury returned a verdict of guilty, and defendant was adjudicated guilty, only as to the lesser included offense of grand theft. He appeals. We reverse.
A charge of robbery unavoidably includes the elements of the crime of petit theft, making petit theft a necessarily included offense of robbery. Compare § 812.13 with § 812.014(1), (2)(d), Fla. Stat. (1991); J.C.B. v. State, 512 So.2d 1073 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988). An essential element of the crime of grand theft is the value of the goods stolen. See §§ 812.014(2)(a), (b) and (c), Fla. Stat. (1991) (three degrees of grand theft: 1st degree, value $100,000 or more; 2nd degree, value $20,000 but less than $100,000; 3rd degree, value $300 but less than $20,000). The element of value sets grand theft apart from the crimes of robbery or petit theft. 512 So.2d at 1074.
It is only where the charging document sufficiently alleges the appropriate value that grand theft becomes a permissive lesser included offense of the charge of robbery. 512 So.2d at 1074-1075. Where the only charge is robbery, the state can preserve its right to a lesser included conviction for grand theft only by including in the information an allegation that sufficiently states the value of the property taken. 512 So.2d at 1075 (value of property taken must be clear from accusatory pleading).
Although the information in this case listed the kinds of property  including the word "money"  taken by the robbery, it failed to state the amount of the cash or, indeed, ascribe any value to anything taken. There is simply nothing in this information that makes clear any values. As we said in In the Interest of E.W., 616 So.2d 1194 (Fla. 4th DCA 1993), where we followed J.C.B.:
"A defendant may not be convicted of a permissive lesser included offense where the charging document is silent as to an essential element of that offense, absent a waiver, affirmative conduct, or other exceptional circumstance."
Both E.W. and J.C.B., we note, involved a conviction for the lesser included crime of grand theft and a charging document that failed to state the value of the goods stolen.
We reject the state's argument that defense counsel's objection lacked specificity and thus waived review of this issue. Because the information is adequate to support a finding of petit theft, the judgment and sentence are reversed, and the case is remanded to the trial court for entry of an amended judgment of petit theft and for resentencing.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and GUNTHER, JJ., concur.