PER CURIAM.
T.L.G. was charged with battery, but was found guilty of disorderly conduct because the circuit court mistakenly believed that the latter crime under section 877.03, Florida Statutes, was a lesser included offense of battery. D.L. v. State, 491 So.2d 1243 (Fla. 2d DCA 1986).
The state argues that, notwithstanding the court’s misunderstanding, the defense waived the error by failing to object to the disposition of the case. While the defense could have been more assertive in objecting when the trial court determined that disorderly conduct is a lesser included offense of battery, there was no waiver of the error. When asked by the court whether disorderly *1249 conduct was a lesser included offense, the defense responded that the standard criminal jury instructions did not include any lesser offenses of battery and that it was “not listed as a category one or a category two [lesser offense].” We find that the defense’s response to the court was sufficient to preserve the error. This was not a situation where the defense played a significant role in the erroneous ruling, failed to object to an erroneous jury instruction, or applied a strategy that might have inured to the defendant’s benefit. In Interest of E.W., 616 So.2d 1194 (Fla. 4th DCA 1993).
The order withholding adjudication and placing T.L.G. on community control is quashed.
ORDER QUASHED.
PETERSON and THOMPSON, JJ., concur.
DAUKSCH, J., concurs specially with opinion.