679 So.2d 816 (1996)
Jerry L. TOLBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0706.
District Court of Appeal of Florida, Fourth District.
August 14, 1996.
Rehearing or Certification Denied October 7, 1996.
*817 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Carrion, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
PER CURIAM.
Appellant challenges his five convictions for aggravated battery, as lesser offenses of the five charged counts of sexual battery, as well as his habitualization as a violent offender. We affirm on all issues raised, and write to clarify our position on one issue.
The transcript reveals that during trial, the defense made it clear to the court that it did not want the jury to be instructed on any lesser included offenses. The state, on the other hand, indicated that it did want lessers, including aggravated battery. The court permitted the aggravated battery lessers on the reasoning that there was supporting evidence and the jury was instructed on aggravated battery as a lesser offense on all five sexual battery counts.
Aggravated battery by causing great bodily harm, with which appellant was convicted, *818 is not a necessarily included lesser offense of sexual battery using actual force likely to cause serious personal injury, with which appellant was charged. Hipp v. State, 509 So.2d 1208, 1210 (Fla. 4th DCA 1987); Tolbert v. State, 474 So.2d 5, 6 (Fla. 3d DCA 1985); Fla. Std. Jury Instr. (Crim.) p. 290 (Schedule of Lesser Included Offenses). Rather, aggravated battery is a permissible lesser included offense of a charged sexual battery, but only if the elements of aggravated battery, as set out in section 784.045, Florida Statutes, are alleged in the charging document. Tolbert, 474 So.2d at 6; Fla. Std. Jury Instr. (Crim.) p. 290 (Schedule of Lesser Included Offenses).
It is well settled that "[a] defendant may not be convicted of a permissive lesser included offense where the charging document is silent as to an essential element of that offense, absent a waiver, affirmative conduct, or other exceptional circumstances." Pierce v. State, 641 So.2d 439, 440 (Fla. 4th DCA 1994) (citation omitted). Because an element of aggravated battery, namely great bodily harm, was not alleged in the information in the instant case, the jury should not have been instructed on aggravated battery as a lesser included offense of the charged sexual batteries.
Our focus now turns to whether this issue was preserved for appellate review. Because the error in instructing the jury on the permissible lesser included offense of aggravated battery does not constitute fundamental error, a contemporaneous objection was necessary. See, e.g., Ray v. State, 403 So.2d 956, 961 (Fla.1981); Courson v. State, 414 So.2d 207 (Fla. 3d DCA 1982); Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980). We agree with the state that this issue was not preserved for appeal because appellant's general objections to instructions on any lesser included offenses did not apprise the trial court of the ground now relied upon by appellant, i.e., that an element of aggravated battery was not alleged in the information. It is well settled that in order to preserve an issue for appellate review, the specific legal ground or argument relied upon for appeal must have been presented to the trial court. See, e.g., Tillman v. State, 471 So.2d 32 (Fla. 1985). In the instant case, it is reasonable that the trial court might have believed appellant's general objections were based on a lack of evidence as to any lesser included offenses.
Other districts have reached the same result under similar facts. See Wilson, 383 So.2d at 671 (where defendant did not assert as grounds for his objection the failure of the state to allege elements of permissible lesser included offense, defendant cannot claim this error on appeal); Courson, 414 So.2d at 209 (same); see also Nurse v. State, 658 So.2d 1074, 1080 n. 4 (Fla. 3d DCA 1995) (an objection to instruction on lesser on one ground does not preserve for appeal a challenge to same instruction on different ground), rev. denied, 667 So.2d 775 (Fla. 1996), receded from on other grounds Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996); Johnson v. State, 619 So.2d 458 (Fla. 3d DCA 1993) (error in instructing on lesser included offense was not preserved for appeal where defendant did not specify grounds for objection); see also generally Occhicone v. State, 570 So.2d 902, 905-06 (Fla.1990) (objections to all proposed aggravating circumstances in instructions to jury and specific objection that evidence did not show aggravating factor of burglary were not adequate to preserve issue of failure to define burglary; specific legal ground or argument must be presented to trial court), cert. denied, 500 U.S. 938, 111 S.Ct. 2067, 114 L.Ed.2d 471 (1991).
While holding that appellant's objections were not specific enough to preserve this issue for appeal, we recognize that a seemingly contradictory result was reached by this court under similar facts in Pierce, 641 So.2d at 440. In Pierce, "defense counsel objected to any instructions on offenses other than the armed robbery as charged." 641 So.2d at 440. The defendant appealed based on the trial court's instruction to the jury on grand theft as a permissible lesser included offense of the charged armed robbery where the information failed to allege the value of the goods stolen, as is required to charge grand theft. In reversing the grand theft conviction, this court "reject[ed] the state's argument that defense counsel's objection *819 lacked specificity and thus waived review of this issue." Id. at 440.
Because the well established rule requiring specificity in the argument advanced below dictates that this issue was not sufficiently preserved for appeal, we affirm on this issue and recede from the contrary language in Pierce.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, FARMER, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.