740 So.2d 1256 (1999)
Alex SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1496.
District Court of Appeal of Florida, First District.
September 9, 1999.
*1257 Alex Sims, pro se, Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Sims appeals from the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm with regard to all of appellant's claims except one. Appellant was charged by indictment with first degree murder and attempted robbery with a firearm. He was found guilty of the lesser included offenses of third degree murder and aggravated battery. Appellant alleges that his trial counsel was ineffective for not objecting to instruction on aggravated battery as a lesser included offense of the attempted robbery with a firearm charge[1] and that had such instruction not been given, the jury would have acquitted him or found him guilty of a lesser offense. Appellant correctly points out that instruction on a permissive lesser included offense is only allowed where the accusatory pleadings allege the necessary elements of the offense and commission of the offense is supported by the evidence at trial. See State v. Weller, 590 So.2d 923, 926 (Fla.1991). Appellant alleges that the indictment does not support the giving of the instruction on aggravated battery in the instant case because it does not allege a battery or that a deadly weapon was "used," both of which are essential elements of aggravated battery. Appellant's allegation is sufficient to meet the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we reverse and remand on this issue for the trial court to attach portions of the record that conclusively refute appellant's claim or to hold an evidentiary hearing. We affirm the trial court's summary denial as to all other grounds raised in the motion.
ERVIN, MINER and KAHN, JJ., concur.
NOTES
[1] We note that these two offenses are both second degree felonies. See §§ 812.13(2)(a), 777.04(4), and 784.045, Fla. Stat.