835 So.2d 281 (2002)
Alvin HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1627.
District Court of Appeal of Florida, Second District.
November 6, 2002.
Rehearing Denied January 23, 2003.
*282 KELLY, Judge.
Alvin Howard appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Howard raised seven claims. We affirm the denial of claims one, two, three, six, and seven without discussion. We reverse the denial of claims four and five, which assert ineffective assistance of counsel.
Mr. Howard was charged with burglary of a dwelling and convicted of attempted burglary of a dwelling. He was sentenced to ten years in prison as a habitual felony offender and to a five-year mandatory minimum as a prison releasee reoffender.
In his fourth claim, Mr. Howard asserted that he committed a completed burglary, and that there was no evidence of an attempted burglary. He claimed his counsel should not have acquiesced to the giving of an instruction on attempted burglary.
Attempted burglary is not a necessarily lesser included offense of burglary of a structure or burglary. It is a category two lesser included offense. See Standard Jury Instructions in Criminal Cases, 723 So.2d 123 (Fla.1998). An instruction on a category two lesser included offense is permissible only if the language of the charging document and the evidence in the case support the charge. See State v. Johnson, 601 So.2d 219, 220 (Fla. 1992).
The limited record suggests that the evidence supported a completed burglary, not an attempt. Also because of the limited record, we cannot ascertain whether defense counsel acquiesced, failed to object, or perhaps affirmatively requested the instruction on attempted burglary. The record does not contain the information, the jury charge conferences, the actual jury instructions given, or the portions of trial testimony relevant to this claim.
Therefore, we reverse. On remand, if the trial court determines the claim should be summarily denied, it should attach portions of the record that demonstrate conclusively that Mr. Howard is not entitled to relief. See Armstrong v. State, 806 So.2d 547 (Fla. 2d DCA 2001).
In his fifth claim, Mr. Howard asserted his defense counsel also was ineffective *283 for conceding guilt to attempted burglary of a dwelling in closing argument, and for doing so without his specific consent. A concession of guilt to a lesser charge can at times be good strategy and within defense counsel's discretion. See Atwater v. State, 788 So.2d 223, 230-231 (Fla.2001). A trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. See Flores v. State, 662 So.2d 1350, 1351 (Fla. 2d DCA 1995). Under the circumstances present here, we reverse and remand for an evidentiary hearing on this claim.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and STRINGER, JJ., concur.