957 So.2d 53 (2007)
Maxsony COISSY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1302.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
*54 Maxsony Coissy, Arcadia, pro se.
Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Maxsony Coissy appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to all claims raised in this appeal, except Claim Nine. In Claim Nine, appellant asserts that his attorney rendered ineffective assistance by not properly objecting to the jury instruction on aggravated assault as a lesser included offense of attempted second degree murder with a firearm. We reverse and remand for an evidentiary hearing on this claim.
Appellant was charged by information with attempted second degree murder with a firearm and carrying a concealed firearm. At trial, the state requested a jury instruction on aggravated assault as a lesser included offense of attempted second degree murder with a firearm. Defense counsel objected, stating, "As to category two lessers, I believe the state doesn't automatically get category two. I think it is within the discretion of the court based on the testimony. And on behalf of my client, I would make that objection." The trial court overruled the objection and instructed the jury on the lesser aggravated assault charge. Later, defense counsel made no objection to the instructions as read.
The jury convicted appellant of the lesser offense of aggravated assault and acquitted him on the concealed firearm charge. Appellant contends that his counsel rendered ineffective assistance by failing to object to the court giving a jury instruction on aggravated assault based on the fact that the information did not allege the necessary "fear" element for that offense.
Aggravated assault is a permissive, or Category Two, lesser included offense of attempted second degree murder. See Fla. Std. Jury Instr. (Crim.) 6.4. Instruction on a permissive lesser included offense may be given only when the trial court determines that the pleadings and the evidence support the charge. Higgs v. State, 801 So.2d 269, 270 (Fla. 4th DCA 2001) (holding that jury instruction on aggravated assault as a lesser included offense for charge of attempted murder of a law enforcement officer was not warranted where the information did not allege the fear element of aggravated assault).
Appellant alleges that the information in this case did not support an *55 instruction on aggravated assault because it did not allege the elements of an aggravated assault. An aggravated assault is an "assault" with a deadly weapon without intent to kill or with an intent to commit a felony. § 784.021, Fla. Stat. (2002). An "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2002). Appellant's main charge, attempted second-degree murder, has two elements: (1) the defendant intentionally committed an act that could have resulted, but did not result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. State v. Florida, 894 So.2d 941, 945-46 (Fla.2005). Use of a firearm is a third element that increases the penalty for the crime. Id. According to appellant, the information charging him with attempted second degree murder made no reference to the element of fear, which is necessary for an assault charge.
The state argues that defense counsel did, in fact, object to the aggravated assault instruction, and that the trial court overruled the objection, thus preserving the issue for appeal.[1] Although the record shows that counsel objected to the lesser offense instruction during the charge conference, the question is whether the objection was properly presented to the trial court. Generally, an appellate court may only review questions properly presented to the trial court. Williams v. State, 414 So.2d 509, 511 (Fla.1982); see also Fla. R.Crim. P. 3.390(d) ("[n]o party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection") (emphasis supplied).
Here, the grounds given by defense counsel for his objection to the aggravated assault instruction were not an accurate statement of the law. Defense counsel informed the trial court that it had discretion to instruct the jury on the permissive lesser included offense based on the testimony. However, as explained above, the trial court could instruct the jury on this offense only after determining that the pleadings, as well as the evidence, supported the instruction. Thus, appellant's allegations of ineffective assistance of counsel sufficiently state a claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Sims v. State, 740 So.2d 1256 (Fla. 1st DCA 1999) (holding that postconviction claim that defense counsel failed to object to instruction on aggravated battery as lesser included offense to attempted robbery with a firearm where the indictment did not allege essential elements of aggravated battery to support the instruction was sufficient to state ineffective assistance of counsel claim).
Although counsel's decision not to object to the jury instruction may have been a strategic decision, "[a] trial court cannot deny a motion for postconviction relief by finding that defense counsel's decision was tactical or trial strategy without first holding an evidentiary hearing." Button v. State, 941 So.2d 531, 533 (Fla. 4th DCA 2006). Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing on Claim Nine of appellant's *56 post-conviction motion. We affirm the trial court's summary denial as to all other grounds raised in the motion.
Affirmed in part; Reversed in part
POLEN and HAZOURI, JJ., concur.
NOTES
[1] We note that when appellant made this argument in his direct appeal, the state took an inconsistent position, arguing that appellant did not properly object to the lesser offense instruction and thus failed to preserve the issue for appellate review.