PALMER, J.
 

 Jose Pereira (defendant) appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Determining that the defendant was entitled to receive an eviden-tiary hearing on his motion, we reverse.
 

 The defendant was charged with one count of strong arm robbery.
 
 [1]
 
 The specification of that charge alleged that he
 

 [d]id unlawfully take from the person or custody of KIMBERYLY K. MOWRY, certain property of value, to-wit: United States Currency and a purse, with the intent to temporarily or permanently deprive KIMBERYLY K. MOWRY, of a right to the property or a benefit therefore, and in the course thereof utilized force, violence, assault or put the said KIMBERLY K. MOWRY in fear, in violation of Florida Statute 812.13(1) and (2)(c).
 

 According to the defendant’s rule 3.850 motion, “when the jury was charged, in addition to the instruction on robbery, they were instructed on grand theft of a dwelling and petit theft as the lesser-included offenses.” Defense counsel did not object to these instructions. The defendant was later convicted of the lesser-included offense of grand theft of a dwelling, value of $100.00 or more but less than $300.00, a third-degree felony.
 
 [2]
 
 He was sentenced to a term of 10 years’ incarceration as a habitual felony offender. On direct appeal, this court issued a per curiam affir-mance of the defendant’s judgment and sentence.
 
 See Pereira v. State,
 
 976 So.2d 1123 (Fla. 5th DCA 2008).
 

 The defendant thereafter filed the instant rule 3.850 motion. The trial court summarily denied the motion explaining:
 

 Defendant alleges that Counsel was ineffective for failing to object to his conviction for theft from a dwelling, value of $100 or more but less than $300, a lesser included offense, based upon an information which does not allege the elements of the lesser included offense. Defendant was charged with a single count of strong arm robbery.
 
 See Fla. Stat.
 
 812.13(1) and (2)(c) and July 16, 2007 Amended Information. The July 16, 2007 Amended Information contains each requisite element of the lesser included offense of theft.
 
 See
 
 July 16, 2007 Amended Information and compare Fla. Stat. 812.014(l)(a) and (b). Subsection (d) of Fla. Stat. 812.14 merely specifies circumstances pursuant to which the crime of theft is designated a felony in the third degree — not the requisite elements of the crime. As such, Defendant’s claim is without merit. Counsel can not be held ineffective for failing to raise a non-meritorious issue.
 

 (Emphasis added).
 

 The defendant challenges this ruling arguing that his trial counsel was ineffective for failing to object to the fact that he was convicted of a crime not charged in the
 
 *1188
 
 amended information. In particular, the defendant contends that grand theft of a dwelling was not properly listed as a lesser-included offense on the jury’s verdict form because the allegations in the amended information failed to sufficiently allege the elements of grand theft as a lesser-included offense of the charge of strong arm robbery. He maintains that the offense of grand theft of a dwelling includes two elements that are not found within the offense of strong arm robbery: the value of the property taken and the requirement that the property be taken from a dwelling. The defendant cites to
 
 Pierce v. State,
 
 641 So.2d 439, 439 (Fla. 4th DCA 1994),
 
 receded from on other grounds
 
 by
 
 Tolbert v. State,
 
 679 So.2d 816 (Fla. 4th DCA 1996), to support his claim of error.
 

 In
 
 Pierce,
 
 the defendant was originally charged with armed robbery; however, the information (as in the instant case) failed to alleged the value of the property taken. At the charge conference, defense counsel objected to the issuance of jury instructions on any lesser-included offenses. The trial court overruled the objection and instructed the jury on the lesser-included offense of grand theft. The court further instructed the jury that the crime of grand theft required the jury to determine that the value of the property taken exceeded $300.00. The jury convicted the defendant of grand theft. On appeal, the Fourth District reversed, holding:
 

 It is only where the charging document sufficiently alleges the appropriate value that grand theft becomes a permissive lesser included offense of the charge of robbery. 512 So.2d at 1074-1075. Where the only charge is robbery, the state can preserve its right to a lesser included conviction for grand theft only by including in the information an allegation that sufficiently states the value of the property taken. 512 So.2d at 1075 (value of property taken must be clear from accusatory pleading).
 

 Although the information in this case listed the kinds of property' — including the word “money” — taken by the robbery, it failed to state the amount of the cash or, indeed, ascribe any value to anything taken. There is simply nothing in this information that makes clear any values. As we said in
 
 In the Interest of E.W.,
 
 616 So.2d 1194 (Fla. 4th DCA 1993), where we followed J.C.B.:
 

 “A defendant may not be convicted of a permissive lesser included offense where the charging document is silent as to an essential element of that offense, absent a waiver, affirmative conduct, or other exceptional circumstance.”
 

 Both
 
 E.W.
 
 and
 
 J.C.B.,
 
 we note, involved a conviction for the lesser included crime of grand theft and a charging document that failed to state the value of the goods stolen.
 

 We agree with the defendant that, based on this authority, his rule 3.850 claim should not have been summarily denied.
 

 Importantly, our conclusion does not mean that the defendant is entitled to have his judgment corrected to reflect a conviction on the lesser-included offense of petit theft. Rather, since he argued that his trial counsel was ineffective in allowing the crime of grand theft of a dwelling to be included in the jury instructions, on remand the trial court must determine whether it was a strategic decision on the part of trial counsel to allow this lesser-included offense to go to the jury.
 
 See Howard v. State,
 
 835 So.2d 281, 283 (Fla. 2d DCA 2002)(stating: “a trial court’s finding that some action or inaction by defense counsel was tactical is generally inappropriate without evidentiary hearing.”).
 
 See also Mallard v. State,
 
 17 So.3d 1285 (Fla.
 
 *1189
 
 4th DCA 2009);
 
 Coissy v. State,
 
 957 So.2d 53, 55 (Fla. 4th DCA 2007).
 

 Accordingly, we reverse and remand for an evidentiary hearing to determine whether trial counsel’s failure to object to the inclusion in the jury instructions of the lesser-included offenses constituted ineffective assistance of counsel.
 

 REVERSED and REMANDED.
 

 GRIFFIN and COHEN, JJ, concur.
 

 [1]
 

 .
 
 See
 
 § 812.13, Fla. Stat. (2006).
 

 [2]
 

 .
 
 See
 
 § 812.014(2)(d), Fla. Stat. (2006).