PALMER, J.
 

 Brandon Allen Harris (defendant) appeals his judgment and sentence for burglary of a dwelling.
 
 [1]
 
 Determining that the defendant’s burglary conviction is not supported by competent, substantial evidence, we reverse. All other judgments and sentences are affirmed.
 

 The burglary count filed against the defendant alleged that he and a co-defendant remained in a dwelling with the intent to commit or intent to attempt to commit a forcible felony, in violation of section 810.02(l)(b)2.c. of the Florida Statutes (2007). Section 810.02(l)(b)2.c. of the Florida Statutes states:
 

 810.02 Burglary
 

 [[Image here]]
 

 [l](b) For offenses committed after July 1, 2001, “burglary” means:
 

 2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
 

 c. To commit or attempt to commit a forcible felony, as defined in s.776.08.
 

 The facts supporting the State’s charges against the defendant are undisputed. The defendant and his co-defendant knocked on an apartment door and then pushed their way inside. The defendant possessed a BB gun. The defendants ordered all seven occupants of the apartment to get on the floor, face down. The defendant struck one victim in the face with the BB gun. The defendants robbed the victims of a small amount of money and then fled the scene.
 

 At the close of the State’s case, the defendant moved for judgment of acquittal on the burglary count, arguing that the State failed to prove a licensed or invited entry as required under section 810.02(l)(b)2.c. The trial court denied the motion. The jury thereafter found the defendant guilty as charged.
 

 The defendant contends that the trial court erred by denying his motion for entry of a judgment of acquittal because the State presented no evidence that the defendant was licensed or invited to enter the premises occupied by the victims. The defendant contends that the statutory language “[njothwithstanding a licensed or invited entry”, required the State to prove that the defendant entered the premises with the consent of the occupants. We conclude that the plain language of section 810.02(l)(b)2.c., the legislative intent behind the enactment of the 2001 amendment to section 810.02, the case law following the 2001 legislative amendment, and the standard jury instruction for a remain
 
 *924
 
 ing in burglary charge support the defendant’s argument.
 

 First, the plain language of the section 810.02(l)(b)2.c. requires the State to prove a licensed or invited entry because it is an element of the offense. Black’s Law Dictionary defines “notwithstanding” as meaning “despite” or “in spite of.” Thus, the statute states that an individual commits a remaining in burglary when, despite a licensed or invited entry, he/she remains in a dwelling to commit or attempt to commit a forcible felony.
 

 Second, the legislative intent behind the enactment of the 2001 amendment to section 810.02 indicates that a licensed or invited entry is an element of a remaining in burglary. In that regard, section 810.02 was amended by the legislature in 2001 following the Supreme Court’s ruling in
 
 Delgado v. State,
 
 776 So.2d 283 (Fla.2000). In
 
 Delgado,
 
 the Court held that the “remaining in” language of the burglary statute was only applicable when there was consensual entry by the accused and the “remaining in” was done surreptitiously.
 
 Id.
 
 at 240-41. In amending the burglary statute, the Legislature stated, in pertinent part, as follows:
 

 810.015. Legislative findings and intent; burglary
 

 [[Image here]]
 

 (1) The Legislature finds that the case of
 
 Delgado v. State,
 
 776 So.2d 233 (Fla.2000), was decided contrary to legislative intent and the case law of this state relating to burglary prior to
 
 Delgado v. State.
 
 The Legislature finds that in order for a burglary to occur, it is not necessary for the licensed or invited person to remain in the dwelling, structure, or conveyance surreptitiously.
 

 § 810.015 Fla. Stat. (2007)(emphasis added). The legislative intent indicates that a remaining in burglary is only committed where entry is licensed or invited and, accordingly, the State must prove such licensed or invited entry to obtain a remaining in burglary conviction.
 

 Third, case law supports the defendant’s argument that a remaining in burglary can only be established where the accused’s entry is licensed or invited. In
 
 Ray v. State,
 
 933 So.2d 716, 717 (Fla. 4th DCA 2006), Ray entered the victim’s open garage without consent or license and left on his bicycle after the victim discovered his presence. The victim found his circular saw near where Ray’s bicycle had been. A jury convicted Ray of burglary of a dwelling. Ray argued on appeal that, among other things, the trial court erred by giving a remaining in instruction on his burglary charge. The Fourth District held that the instruction was given in error, as the trial court should have only given the first portion of the amended instruction pertaining to section 810.02(b)(l)(stating that burglary is defined as “[ejntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter”). The court explained that any instruction regarding remaining in was improper because it was clear that Ray did not have permission to enter the garage and, therefore, there was no issue about his surreptitiously remaining in the garage. The only means by which he could be convicted of burglary was if he entered the garage with the intent to commit the offense because Ray entered without consent. The Fourth District reversed and remanded Ray’s conviction because the remaining in instruction allowed the jury to convict Ray of burglary even if he did not enter the garage with the intent to commit a crime.
 
 See also Davis v. State,
 
 892 So.2d 518, 518 (Fla. 1st DCA 2004)(holding that the trial court erred by
 
 *925
 
 including a remaining in instruction because the facts could not support a surreptitious remaining and the defendant could only be convicted if he intended to commit theft or robbery when he entered the structure).
 

 Lastly, the standard jury instruction for a remaining in burglary is instructive and consistent with the language of section 810.02(l)(b)2.c. The standard jury instruction provides:
 

 Give this statement of the elements if the charge is unlawfully remaining:
 

 To prove the charge of Burglary, the State must prove the following two elements beyond a reasonable doubt:
 

 (Defendant) had permission or consent to enter a [structure] [conveyance] owned by or in the possession of (person alleged).
 

 (Defendant) after entering the [structure] [conveyance] remained therein
 

 Give a, b, or c as applicable.
 

 c. with the fully-formed conscious intent to commit or attempt to commit the offense of (forcible felony alleged).
 

 Fla. Std. Jury Inste. (Crim.) 13.1.
 

 Accordingly, because the defendant’s conviction for burglary is not supported by competent, substantial evidence indicating that the defendant was licensed or invited to enter the premise occupied by the victims, the defendant’s judgment and sentence for burglary must be reversed and this case remanded so that they can be vacated by the trial court.
 

 REVERSED and REMANDED.
 

 SAWAYA and ORFINGER, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 810.02(l)(b)2.c., Fla. Stat.(2007).