PER CURIAM.
 

 We previously remanded this postcon-viction proceeding after the State conceded error in connection with the summary denial of several claims of ineffective assistance of counsel. After remand, the trial court once again summarily denied Appellant’s claims. We reverse in part.
 

 In denying claim four, the trial court stated that: (1) the jury could have arrived at the same conclusion without this evidence, and (2) there was no evidence that the jury had considered the alleged improper evidence when rendering its verdict. Neither conclusion addresses the issue of whether the evidence was properly admitted, and, if not, whether the admission of the evidence undermined confidence in the outcome of the proceeding. Nor is the claim conclusively refuted by the small segments of transcript contained in the record before this Court, none of which deal with this claim. On remand, the trial court shall conduct an evidentiary hearing on this issue.
 

 The trial court summarily denied claim five because the allegedly overlooked evidence would have been cumulative. We disagree.
 
 See, e.g., Solorzano v. State,
 
 25 So.3d 19 (Fla. 2d DCA 2009) (trial court erred in summarily denying postconviction claim for ineffective assistance of counsel, based on failure to call bartender to testify to defendant’s consumption of alcohol, although defendant testified to same thing; evidence would not have been cumulative to defendant’s testimony, which could have been discounted by jury as self-serving);
 
 Cardenas v. State,
 
 993 So.2d 546 (Fla. 1st DCA 2008) (summary dismissal of claim for ineffective assistance of counsel was improper; claim was not conclusively refuted by attachments to order showing proposed testimony mirrored defendant’s trial testimony, since witness’s testimony that defendant was not driving boat in BUI manslaughter case would have been more persuasive than defendant’s).
 

 The trial court also concluded that claim five should be denied because trial
 
 *1188
 
 counsel’s decision “not to investigate” was a strategic choice, essentially not subject to challenge. This too was an erroneous conclusion on this record at this procedural juncture.
 
 See Pereira v. State,
 
 29 So.3d 1186 (Fla. 5th DCA 2010) (trial court’s finding that action or inaction by defense counsel was tactical is generally inappropriate without evidentiary hearing). An evidentiary hearing can be avoided only when it is obvious from the record that the decision was strategic.
 
 Jackson v. State,
 
 975 So.2d 485 (Fla. 2d DCA 2007).
 

 Finally, the trial court concluded that claim five should have been raised on direct appeal. Again, we disagree. As a general rule, claims of ineffective assistance of counsel are not cognizable on direct appeal and can only be raised in a postconviction motion under Florida Rule of Criminal Procedure 3.850.
 
 See, e.g., Smith v. State,
 
 998 So.2d 516, 522 (Fla.2008);
 
 Tolliver v. State,
 
 10 So.3d 1199 (Fla. 5th DCA 2009). On remand, the trial court shall conduct an evidentiary hearing on claim five.
 

 We affirm the summary denial of claims eleven and twelve, but direct the trial court to permit Appellant to amend claim twelve.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 

 SAWAYA, TORPY and JACOBUS, JJ., concur.