PALMER, J.
Marcus Leverett (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of numerous offenses, including one count of burglary of a dwelling with an assault or battery. The defendant argues the trial court erred in denying his motion for entry of a judgment of acquittal on the burglary charge because the record demonstrates the State failed to present any evidence indicating that the victims had consented to his initial entry into the premises. The State properly concedes error on this issue, acknowledging that this court’s decision in the case involving the defendant’s co-defendant controls. See Harris v. State, 48 So.3d 922 (Fla. 5th DCA 2010) (holding that the statute defining burglary to include remaining in a dwelling, structure, or conveyance “notwithstanding a licensed or invited entry” with intent to commit a forcible felony required that the initial entry into the dwelling, structure, or conveyance be with the consent of the occupants and, therefore, Harris, who had pushed his way into the victim’s apartment after knocking on the door, could not be convicted of a “remaining in” burglary). Accordingly, the defendant’s conviction and sentence on the burglary charge are reversed. On all other issues, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED.
LAWSON and JACOBUS, JJ., concur.