JACOBUS, J.
Appellant, Robert Fred Woodall, III, timely appeals the order denying his 3.850 motion for postconviction relief. Woodall contends that the postconviction court erred in denying each of the eight claims raised in his 3.850 motion. Because we find merit to Woodall’s contentions as they relate to Claims I and II in Ground I of his 3.850 motion, we affirm in part and reverse in part.
In December 2004, Woodall and two of his friends assaulted Roberto Santoni, Karl Phillips, Sachin Jaitly, and Rohit Pal-ta in the parking lot of Jaitl/s apartment complex. During the assault, Woodall pistol whipped Santoni while Santoni was sitting in his Toyota automobile. Woodall also fired his gun at Phillips, missing and striking Palta in the ankle. As a result of this incident, Woodall was charged by information with one count of burglary (Count I), one count of attempted first-degree murder (Count II), and one count of aggravated battery (Count III). In Count I, the State charged that Woodall:
remain[ed] in a conveyance, to wit: [Santoni’s Toyota], with the intent to commit or attempt to commit a forcible felony, ... and in the course of committing said offense did make an assault or battery upon [Santoni], and during the commission of said offense did actually possess and carry, display, use, threaten to use or attempt to use a firearm.
Further, in Count II, the State alleged that Woodall:
from a premeditated design to effect the death of [Phillips], attempted] to mur *668 der [Phillips], by shooting a gun at [Phillips], and in the course of committing said offense, [Woodall] did actually possess, discharge, and carry, display, use, threaten to use, or attempt to use a firearm.
At trial, the State’s evidence indicated that Woodall was actually standing outside of Santoni’s Toyota when he reached through the window of the vehicle to strike Santoni’s face. The jury was later instructed that, in order to prove the burglary charge, the State was required to prove that Woodall “entered a conveyance owned by or in possession of ... Santoni.” The jury was also instructed that it could consider aggravated assault with a firearm as a lesser-included offense of the attempted first-degree murder charge. Although Woodall had been charged pursuant to a “remaining in” theory of burglary in Count I and the fear element of aggravated assault was not alleged in Count II of the information, Woodall’s trial counsel did not object to either the burglary instruction or the instruction that the jury could consider aggravated assault as a lesser-included offense of attempted first-degree murder. Further, Woodall’s trial counsel never moved for a judgment of acquittal based upon the lack of evidence supporting the “remaining in” theory of burglary charged in the information. Ultimately, the jury returned a verdict finding Woodall guilty as charged as to Counts I and III. As to Count II, the jury found Woodall guilty of the lesser-included offense of aggravated assault with a firearm.
After Woodall’s convictions were per cu-riam affirmed by this court in Woodall v. State, 974 So.2d 1081 (Fla. 5th DCA 2008), Woodall filed the instant 3.850 motion for postconviction relief, which included seven claims of ineffective assistance of counsel in Ground I and one claim of sentencing error in Ground II. The postconviction court summarily denied Claims I, III, IV, and V of Ground I and the claim in Ground II. The court later denied Claim VI of Ground I after an evidentiary hearing, and although the State had conceded that Woo-dall was entitled to relief as to Claim II of Ground I, the court mistakenly found that Claim II had been stricken by the parties. Woodall filed a notice of appeal before the court had an opportunity to reconsider its ruling.

Claim I

In Claim I of his 3.850 motion, Woodall contends that his trial counsel was ineffective in failing to move for a judgment of acquittal on Count I based on the State’s failure to present any evidence supporting the “remaining in” theory of burglary charged in the information. “[W]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the [charging instrument].” D.R. v. State, 790 So.2d 1242, 1244-45 (Fla. 5th DCA 2001) (quoting Long v. State, 92 So.2d 259, 260 (Fla.1957)). The State’s failure to prove that the offense was committed in the manner charged may serve as grounds for a motion for a judgment of acquittal. See Marra v. State, 970 So.2d 475, 476-78 (Fla. 5th DCA 2007).
Clearly, the evidence presented in this case did not support the crime as charged in the information. As indicated above, the burglary count alleged that Woodall “remain[ed] in a conveyance” with the intent to commit or attempt to commit a forcible felony in violation of section 810.02(l)(b)2.c., Florida Statutes. Based on the language of this statute, its legislative history, the standard jury instructions, and the relevant case law, this court has previously held that when the State charges a defendant pursuant to the “remaining in” burglary statute, it is required to present evidence establishing that “the defendant was licensed or invited to enter *669 the [structure] occupied by the victim[ ].” Harris v. State, 48 So.3d 922, 923-25 (Fla. 5th DCA 2010). Since the State failed to establish this element in this case and instead presented evidence indicating an unlawful entry, it appears that Woodall would have been granted an acquittal as to Count I had his trial counsel moved for a judgment of acquittal arguing that the State failed to prove a burglary in the manner charged in the information. See id.
The State concedes that counsel was ineffective for failing to move for a judgment of acquittal, and we find that relief should have been granted on this claim based upon our precedent in Harris.

Claim II

In Claim II of his 3.850 motion, Woodall contends that his counsel was ineffective for failing to object to the jury instruction for aggravated assault with a firearm as a lesser-included offense of the charge of attempted first-degree murder where the allegations in Count II of the information did not support an aggravated assault in that it did not allege any fear element. “A defendant may not be convicted of a permissive lesser-included offense where the charging document is silent as to an essential element of that offense.” Pereira v. State, 29 So.3d 1186, 1188 (Fla. 5th DCA 2010) (quoting In re E.W., 616 So.2d 1194, 1194 (Fla. 4th DCA 1993)). The creation of a well-founded fear in the victim of an assault is an essential element of the crime of assault. See Coissy v. State, 957 So.2d 53, 55 (Fla. 4th DCA 2007).
Here, the State correctly concedes error as to Claim II since Count II of the information made no reference to the fear element necessary to support an assault charge. The State further concedes that counsel’s failure to object to the instruction was not a tactical decision on his part. Therefore, the postconviction court should also have granted Claim II of Woodall’s 3.850 motion and vacated the conviction and sentence as to Count II.

Woodall’s Remaining Claims

We find no error by the posteonviction court on the other matters raised in Woo-dall’s 3.850 motion (which relate to his conviction and sentence as to Count III). Therefore, we reverse in part, affirm in part and remand with directions that the postconviction court vacate the judgment and sentences as to Counts I and II only.
AFFIRMED in Part; REVERSED in Part, and REMANDED WITH DIRECTIONS.
SAWAYA and LAWSON, JJ„ concur.