**Wesley N. CLARK, Appellant,**

v.

**STATE of Florida, Appellee.**

**No. 4D15–4022**

District Court of Appeal of Florida, Fourth District.

January 4, 2017

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

Warner, J.

Appellant challenges his conviction for attempted second degree murder, claiming that the court erred in failing to grant his motion for judgment of acquittal. Because the State did not prove that appellant acted out of ill will, hatred, spite, or evil intent, an element of the crime of second degree murder, the court erred in denying the motion for judgment of acquittal on the attempted second degree murder charge. As the evidence was sufficient to convict of the lesser included offense of attempted manslaughter, we reverse for imposition of a conviction and sentence for that offense.

Appellant was charged with (1) attempted second degree murder of a law enforcement officer with a weapon; (2) high speed or wanton fleeing law enforcement in violation of section 316.1935(3)(a), Florida Statutes (2013); and (3) leaving the scene of an accident resulting in property damage in violation of section 316.061(1), Florida Statutes (2013). At trial, a deputy with the Indian River Sheriff's department testified that he initiated a traffic stop for speeding. After the vehicle came to a stop, the deputy approached the driver's side of the vehicle and made contact with appellant in the driver's seat. Appellant provided his identification and rental contract for the vehicle. The deputy detected the odor of marijuana and requested a backup unit over his radio. Once backup arrived, the deputy approached the vehicle and told appellant and the vehicle's passengers that he was going to search the vehicle. He asked the front-seat passenger to step out of the vehicle.

As the passenger exited the vehicle, the officer observed green matter on the passenger, which he recognized as loose marijuana. The officer moved around to the open passenger side door and ordered the passenger to put his hands behind his back, as the officer intended to arrest and handcuff the passenger. The officer was able to grab the passenger's left hand and apply the handcuff, but the passenger struggled and the officer was not at first able to grab the right hand. When he did, the passenger lunged back into the car between the front and back seats and tried to get his hand underneath the seat. The deputy maintained his hold on the handcuffs attached to the passenger while attempting to gain control of his right arm.

Without any warning, the car just takes off at a very high rate of speed. I was still grabbed onto the handcuffs and my legs were still outside of the car but my body was also in the car, on top of my passenger suspect. And when the car took off, I think I gripped the handcuffs even tighter and as a result, it dragged me, the car dragged me about 15 to 20 feet down the side of the road.

. . . .

Eventually I let go once I realized what was going on. I let go, disengaged from the vehicle and was on the side of the road.

. . . .

I sustained some lacerations and abrasions right here on the right side of my face, my right elbow and forearm area and on the inside of my right knee.

The deputy ran back to his vehicle to pursue appellant's car. After a high speed chase, appellant crashed. Appellant left the vehicle and was apprehended much later.

The deputy did not know appellant or his passengers prior to this encounter. The entire encounter, from the initial stop of the vehicle for speeding, through the high speed chase for several miles, took about seven minutes.

After the State rested, upon appellant's motion, the State conceded that the second charge should be reduced to a lesser offense of fleeing or eluding. Appellant also moved for judgment of acquittal on the first count, which the court denied. The jury found appellant guilty as charged on both counts. Appellant subsequently moved for judgment of acquittal, arguing that there was insufficient evidence to support the finding of guilt on the first count, which the court denied. The court subsequently adjudicated appellant guilty. It sentenced him to twenty years in prison for attempted second degree murder and five years in prison for fleeing and eluding, prompting this appeal.

 "A motion for judgment of acquittal is reviewed using the *de novo* standard." *McGowan v. State*, 139 So.3d 934, 937 (Fla. 4th DCA 2014). "In moving for a judgment of acquittal, the defendant admits all facts adduced and every conclusion favorable to the state reasonably inferred from the evidence." *Santiago v. State*, 70 So.3d 720, 723 (Fla. 4th DCA 2011). "If, after viewing the evidence in the light most favorable to the state, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *McGowan*, 139 So.3d at 937.

 Attempted second-degree murder has two elements: "(1) the defendant intentionally committed an act that could have resulted, but did not result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life." *Coissy v. State*, 957 So.2d 53, 55 (Fla. 4th DCA 2007). In the context of second-degree murder, an act is considered "imminently dangerous" and demonstrating a "depraved mind" if it is an act or series of acts that:

> (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another; and (2) is done from ill will, hatred, spite or an evil intent; and (3) is of such a nature that the act itself indicates an indifference to human life.

*Wiley v. State*, 60 So.3d 588, 591 (Fla. 4th DCA 2011).

 "[E]xtremely reckless behavior itself is insufficient from which to infer any malice. Moreover ... an impulsive over-reaction to an attack or injury is itself insufficient to prove ill will, hatred, spite, or evil intent." *Id.* at 591 (second alteration in original) (quoting *Light v. State*, 841 So.2d 623, 626 (Fla. 2d DCA 2003)); *see also Henry v. State*, 145 So.3d 924, 927 (Fla. 4th DCA 2014) (citing cases in which defendants responded to apparent attacks with excessive force). Further, the defendant generally "has had time to develop a level of enmity toward the victim," as "[h]atred, spite, evil intent, or ill will usually require more than an instant to develop." *Wiley*, 60 So.3d at 591 (alteration in original) (quoting *Light*, 841 So.2d at 626).

Applying those principles to this case, it is apparent that the State failed to prove the element of ill will, hatred, spite, or evil intent. The deputy and appellant did not know each other. Appellant did not have time to develop a level of enmity toward the victim, particularly in the short time between the stop and appellant fleeing the scene. In fact, the officer's actions were not directed towards appellant at all, but to the passenger in the vehicle. In driving off with the officer's body partially in the vehicle, appellant's behavior was impulsive and reckless, but that in and of itself does not show ill will, hatred, spite, or evil

intent. *See Light*, 841 So.2d at 626. "The circumstantial evidence in this case regarding [appellant's] intent or state of mind is equally supportive of a theory that [appellant] was simply guilty of a serious, momentary misjudgment concerning the amount of force that was permissible . . . ." *Id.*

 The State failed to prove the elements of attempted second-degree murder. Instead, the evidence was sufficient to prove the lesser included offense of attempted manslaughter. We therefore reverse appellant's conviction and sentence for attempted second-degree murder, and pursuant to section 924.34, Florida Statutes (2003), we direct the trial court to enter a conviction and sentence appellant on the lesser included offense.

*Reversed and remanded with directions.*

Gross and Forst, JJ., concur.